**REYNOLDS–FITZGERALD, Inc.**

**v.**

**JOURNAL PUB. CO.**

United States District Court
S. D. New York.

Feb. 5, 1954.

that what is put in issue by the general denial is performance of the "terms" of the contract, pleaded conjunctively with "conditions." However, if "terms" refers to conditions subsequent [1] and defendant intends to rely upon non-performance thereof, it would be required to plead it as an affirmative defense.[2] Thus, in either event the denial is insufficient.

The denial of ¶6 of the complaint is stricken with leave to the defendant to plead anew.

Settle order on notice.

Sage, Gray, Todd & Sims, New York City, Edward H. Spencer, George W. McGrath, Jr., New York City, of counsel, for plaintiff.

Davies, Hardy & Schenck, New York City, John W. Burke, Jr., Burton H. Brody, New York City, of counsel, for defendant.

WEINFELD, District Judge.

The defendant assumes that plaintiff's allegation that it "duly performed all the terms and conditions" of the contract refers to and pleads performance of conditions precedent. Accordingly, its general denial is insufficient to raise an issue with respect thereto, since Rule 9(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., requires that a denial of performance of conditions precedent shall be made specifically and with particularity. As much is conceded by defendant. It urges, however,

---

1. "In contract writing [condition] * * is often used as synonymous with 'term,' 'provision,' or 'clause' * * *." 3 Corbin on Contracts, § 627.

2. 2 Moore's Federal Practice, 2d Ed., ¶ 9.-04; see Title Guaranty & Surety Co. v. Nichols, 224 U.S. 346, 32 S.Ct. 475, 56 L.Ed. 795.