John L. **LEWIS**, Charles A. Owen and Josephine Roche, as Trustees of the United Mine Workers of America Welfare and Retirement Fund, Plaintiffs-Appellees,

v.

**QUALITY COAL CORPORATION**, a Corporation, Defendant-Appellant.

No. 11921.

United States Court of Appeals
Seventh Circuit.

April 25, 1957.

Rehearing Denied May 23, 1957.

770

William L. P. Burke, Chicago, Ill., Frank J. McAdam, Jr., Chicago, Ill., for appellant.

Harold H. Bacon, Washington, D. C., Louis D. Nattkemper, Terre Haute, Ind., Dewey & Nattkemper, Terre Haute, Ind., Val J. Mitch, Washington, D. C., M. E. Boiarsky, Charleston, W. Va., for appellees.

Before LINDLEY, SWAIM and SCHNACKENBERG, Circuit Judges.

LINDLEY, Circuit Judge.

On October 31, 1955, plaintiffs, as trustees of the United Mine Workers of America Welfare and Retirement Fund, brought suit in the district court to recover from defendant, a coal mining operator, so-called royalties claimed to be due on coal mined by the operator. In due course, defendant filed a motion to dismiss on the ground that the complaint failed to state a claim upon which relief could be had, and plaintiffs moved for summary judgment. The court eventually denied the motion to dismiss and entered summary judgment for plaintiffs for $39,955.07. Upon appeal, defendant urges that the court erred in both respects.

As to the assigned error of denial of defendant's motion to dismiss, it should

be observed that the complaint stated tersely that plaintiffs were trustees of the United Mine Workers of America Welfare Fund, a charitable trust, located in Washington, in the District of Columbia; that the fund had been created by contract dated March 5, 1950, to which defendant was a party; that the amount in controversy exceeded $3,000; that diversity of citizenship existed; that between the first of October, 1952, and the 30th of September, 1955, defendant was engaged in mining coal; that on October 4, 1952, it signed the National Bituminous Coal Wage Agreement of 1950, as amended September 29, 1952; that it signed the Wage Agreement of 1950, as amended September 1, 1955, on or about August 27, 1955; that under these agreements defendant promised to pay into the Fund the sum of 40¢ per ton on all coal produced for sale or use on and after October 1, 1952; that defendant produced between December 1, 1953 and September 30, 1955, approximately 116,886 tons and that, thereby, by virtue of the contracts, there became due plaintiffs the sum of $46,754.40, of which $6,799.33 had been paid, leaving a balance due of $39,955.07.

Under Rule 8(a) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A., a sufficient complaint consists of a short and plain statement showing that plaintiff is entitled to relief. In Seymour v. Union News Company, 217 F.2d 168, we cited with approval our prior decision in Chicago & Northwestern Ry. Co. v. First National Bank of Waukegan, 200 F.2d 383, 384 where it was stated: "A complaint is not subject to dismissal unless it appears to a certainty that the plaintiff cannot possibly be entitled to relief under any set of facts which could be proved in support of its allegations. * * * in considering a motion to dismiss, the allegations of the complaint must be viewed in a light most favorable to the plaintiff, and all facts well pleaded must be admitted and accepted as true." From an examination of plaintiffs' averments, it seems obvious to us that it can not be said, as a matter of law, that the complaint states no claim upon which relief can be had under any proper evidence. As the Supreme Court said in United States v. Employing Plasterers Association of Chicago, 347 U.S. 186, 189, 74 S.Ct. 452, 454, 98 L.Ed. 618: "* * * where a bona fide complaint is filed that charges every element necessary to recover, summary dismissal of a civil case for failure to set out evidential facts can seldom be justified. If a party needs more facts, it has a right to call for them under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. And any time a claim is frivolous an expensive full dress trial can be avoided by invoking the summary judgment procedure under Rule 56."

In this connection defendant argues that the trustees should have pleaded in the complaint performance upon their own part of the contract upon which suit was brought. But we find in the agreement, which we shall discuss later, no provision that the trustees were obliged to perform any conditions precedent whatsoever before bringing suit to recover the royalties promised to be paid by defendant. It is averred that they are the trustees; that, by virtue of the contract, under which they have been appointed, to which the operator is a signatory, title to all sums collected or owing, is vested in them. They and they alone have the right to maintain suits to recover that which the operators agreed to pay to them. Under Title Guaranty & Surety Co. v. Nichols, 224 U.S. 346, 32 S.Ct. 475, 56 L.Ed. 795, it is obvious that no conditions precedent were presented by the record and that if it were asserted that there were conditions subsequent which affected in any manner the liability existing on the face of the record, they should have been pleaded affirmatively by defendant. Yet, there is no evidence or claim of record of any breach of conditions subsequent on the part of the plaintiff trustees. We find nothing in the record to persuade us that the complaint was insufficient.

■ The remaining issue is whether the summary judgment should have been

entered. The court had before it the complaint, to which no answer was ever filed, the answers to interrogatories submitted by plaintiffs to defendant's president establishing the amount of coal produced, the amount of royalties computed thereon at 40¢ per ton and the fact that the defendant had signed and was bound by the agreement of 1950 as amended in 1952 and 1955. In addition, the court had before it the motion for summary judgment, with affidavits and exhibits. One of the latter, the contract creating "an irrevocable trust * * * under Sec. 302(c) of the Labor-Management Relations Act of 1947 [29 U.S.C.A. § 186 (c)]", which is of the essence of the controversy here, signed by defendant as one of the coal operators involved, provided, amongst other terms, that by it a fund was created to be known as the United Mine Workers of America Welfare and Retirement Fund of 1950; that there would be paid into this fund by each coal operator, the sum of 30¢, (later by amendment increased to 40¢) on each ton of coal produced for use or sale; that the fund would be operated by three trustees, all of whom had been selected and comprised the present plaintiffs; that the fund is an irrevocable trust for charitable purposes, i.e., to make payments, from principal or income, of benefits to employees, their families and dependents, for medical or hospital care, and similar charitable benefits; that the trustees have full power and authority to determine who are deserving beneficiaries to whom benefits should be paid; that title to all moneys paid into or owing to said fund was vested in and remained exclusively in the trustees, United Marine Division, etc. v. Essex Transportation Co., 3 Cir., 216 F.2d 410; that none of the fund could be subjected to anticipation, alienation, sale, transfer, assignment, charge or encumbrance; that moneys paid into the fund would not constitute wages due from the mine owners; that the operators signing the agreement (including defendant) would furnish monthly computations of the amounts due and make prompt payments; that a previous similar agreement of 1947 was merged with that of 1950 and all funds previously held by the old fund would be delivered to the new one.

Defendant filed no counter-affidavits and no answer; it requested of the district court no opportunity to procure contradictory evidence. Consequently, its position below and in this court is equivalent to that of one who demurs to the evidence submitted, which, for the purposes of the motion, must be accepted as true. Indeed, there is no contradiction whatsoever of the facts necessary to show a right to recover. Neither the averments of the complaint, nor the affidavits submitted by plaintiffs are denied. The title of plaintiffs and their right to recover the money is not controverted; the amount due is undisputed. Consequently, there was no genuine issue of fact to prevent entry of summary judgment; indeed not to have allowed it would have been error.

■■ Defendant argues that the Attorney-General of the State of Indiana was a necessary party in view of the fact that the suit had to do with administration of a charitable fund. In the Restatement of the Law of Trusts, § 393 (1935) it is said that: "A suit against a third person acting adversely to the trustees of a charitable trust can be maintained by the trustees. * * * In such a case the Attorney General is ordinarily not a necessary party. Thus, if a third person converts property which is held upon a charitable trust, the trustees can maintain an action at law against him to recover the property or damages for the conversion." See also Scott on Trusts, 2nd Ed. (1956), Vol. IV, Sec. 393, p. 2766. Furthermore, the procedural law of the State of Indiana does not apply to proceedings in the federal courts in suits based upon federal legislation. Gipps Brewing Corp. v. Central Mfrs' Mut. Ins. Co., 7 Cir., 147 F.2d 6.

■ Defendant urges also that United Mine Workers of America, having signed the contract, is a necessary party, but the record discloses that the UMWA has no title to the money in the fund, or

right to recover same. It is in no way interested therein, except to see that the trustees perform their trust duties. The Act has been so interpreted in United Marine Division, etc. v. Essex Transportation Co., 3 Cir., 216 F.2d 410, 412. No person is legally interested in this controversy except plaintiffs, who, as trustees, claim the right to recover, and defendant who has agreed to pay the royalties demanded.

We have examined all of defendant's objections. Many of them were not raised in the trial court and none of them is based upon any evidence submitted. On the undisputed facts of the record, the judgment must be and is affirmed.