John L. LEWIS, Henry G. Schmidt and Josephine Roche, As Trustees of the United Mine Workers of America Welfare and Retirement Fund of 1950, Plaintiffs,

v.

YOUNG & PERKINS COAL COMPANY, Incorporated, Defendant.

Civ. A. No. 806.

United States District Court
W. D. Kentucky.

Sept. 9, 1960.

Laurence T. Gordon, Madisonville, Ky., Val J. Mitch and Harold H. Bacon, Washington, D. C., for plaintiff.

W. D. Bratcher, Greenville, Ky., Clarence Bartlett, Owensboro, for defendant.

BROOKS, Chief Judge.

This cause is before the court on Plaintiffs' motion for partial summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., directed to Plaintiffs' amended complaint and Defendant's counterclaim. Plaintiffs, as Trustees of the United Mine Workers of America Welfare and Retirement Fund of 1950 (hereinafter referred to as the Fund) filed a complaint which was subsequently amended, against the Defendant Young & Perkins Coal Company, Incorporated, a Kentucky corporation, alleging that the Defendant executed certain National Bituminous Coal Wage Agreements, as Amended, under the terms of which it was required to pay to the Fund a royalty of 40¢ per ton on all coal produced for use or for sale. The Defendant corporation filed an answer raising the following defenses: that they are without knowledge of the citizenship of the Trustees, that they are Trustees; that the Fund was created by the National Bituminous Coal Wage Agreement of 1950 and is a Trust; that the complaint fails to state a claim upon which relief could be granted; that the contracts were executed without authority of the corporation; that they were executed as the result of duress and coercion on the part of the United Mine Workers of America; that there was an agreement between the contracting parties at the time of the execution of the contracts that the Defendant Corporation would not have to pay the 40¢ royalty required thereby to the Fund; and that the Defendant Corpora-

# 840

tion alleged that its articles of incorporation limit legal and enforceable debts to $15,000. The Defendant Corporation also filed a counterclaim seeking return of all monies it previously paid into the Fund.

Having considered all pleadings, stipulations, answers to interrogatories and affidavits of both parties with exhibits attached, the court finds the facts and states the conclusions of law as follows:

## Findings of Fact

1. Plaintiffs are Trustees of the United Mine Workers of America Welfare and Retirement Fund of 1950, a Trust, with its residence and place of business at 907 Fifteenth Street, N. W., Washington 5, D. C. Trustee John L. Lewis is a citizen of the State of Illinois, Trustee Henry G. Schmidt is a citizen of the State of Ohio and Trustee Josephine Roche is a citizen of the State of Colorado.

2. The Defendant, Young & Perkins Coal Company, Incorporated, a Kentucky corporation, with its principal place of business in Central City, Muhlenberg County, Kentucky, is engaged in certain bituminous coal mining operations in the Commonwealth of Kentucky.

3. The amount in controversy, exclusive of interest, exceeds $3,000.

4. The United Mine Workers of America Welfare and Retirement Fund of 1950 was created as an irrevocable Trust by a Trust Indenture contained in the National Bituminous Coal Wage Agreement of 1950, entered into by the United Mine Workers of America and various bituminous coal operators throughout the United States on March 5, 1950.

5. The National Bituminous Coal Wage Agreement of 1950 as Amended September 29, 1952, Plaintiffs' Exhibit A, was executed on behalf of the Defendant Corporation, by one E. H. Young, a member of the board of directors of said Corporation on October 1, 1952; and the said E. H. Young had authority to execute said contract on behalf of said Corporation.

6. The National Bituminous Coal Wage Agreement of 1950 as amended effective September 1, 1955, Plaintiffs' Exhibit B, and the National Bituminous Coal Wage Agreement of 1950 as amended effective October 1, 1956, Plaintiffs' Exhibit C, were executed on behalf of Defendant Young & Perkins Coal Company, Incorporated, by Harry Young, Secretary-Treasurer of the Defendant Corporation on August 30, 1955, and October 17, 1956, respectively; and said Harry Young, Secretary-Treasurer, had authority to execute said contracts on behalf of said Corporation.

7. The contracts here involved contain a provision requiring the Defendant Corporation to submit royalty payments computed at the rate of 40¢ per ton on each ton of coal produced for use or for sale by said Defendant Corporation to the Fund.

8. The Defendant Corporation submitted payments to the Fund and Plaintiff Trustees, totalling $1,302.14, and submitted 33 reports of tonnage claimed to have been produced by the Defendant Corporation as required by and pursuant to the contracts here involved.

9. The Defendant Corporation checked off union dues of its employees and submitted such union dues to the proper officer of the United Mine Workers of America, consistent with and pursuant to the provisions of the contracts here involved.

10. The officers of Defendant Corporation applied for and received hospital and medical care benefits from the Fund, as a result of the Defendant Corporation being a signatory to the contracts here involved.

11. The Defendant Corporation did not at any time notify the Plaintiff Trustees that it was not bound by the contracts here involved.

12. The conduct of the Defendant Corporation was consistent with being bound by the contracts here involved.

## Conclusions of Law

1. Plaintiff Trustees are the proper parties to maintain this action,

Lewis v. Quality Coal Corp., 7 Cir., 243 F. 2d 769, and the complaint sufficiently states a cause of action against the Defendant Corporation.

■ 2. The execution of the contracts here involved by its officer and director is sufficient to bind the Defendant Corporation thereby.

■ 3. The Defendant Corporation failed to disaffirm, and by its subsequent conduct and actions in fact ratified the contracts, upon which this suit is predicated, and is now estopped to deny the validity of the contracts here involved. See Lewis v. Mearns, D.C.N.D.W.Va., 168 F. Supp. 134, affirmed 4 Cir., 268 F.2d 427; Lewis v. Kerns, D.C.S.D.Ind., 175 F. Supp. 115.

■ 4. Any threat of a legal strike by the United Mine Workers of America, incidental to the negotiations for the execution of the contracts here involved, does not constitute duress. See Whitt v. Stephens, Ky., 246 S.W.2d 996; Lewis v. Quality Coal Corp., 7 Cir., 270 F.2d 140.

■ 5. The written contracts here involved are the final step of collective bargaining, as required by the National Labor Relations Act, 29 U.S.C.A. § 158 (d); Gatliff Coal Co. v. Cox, 6 Cir., 152 F.2d 52; and embrace the entire agreement of the parties.

6. Evidence of any agreement between the United Mine Workers of America and the Defendant Corporation that the Defendant Corporation would not be required to pay 40¢ per ton on each ton of coal produced for use or for sale constitutes at most an oral contemporaneous promise inconsistent with the clear and unambiguous terms of the written contracts here involved and, therefore, is precluded not only by the parol evidence rule, but by the National Labor Relations Act, Title 29 U.S.C.A. § 158(d), which clearly precludes Defendant Corporation's reliance upon a previous or contemporaneous oral agreement as a defense to this action. See Gatliff Coal Co. v. Cox, supra, Lewis v. Mearns, supra.

■ 7. The Articles of Incorporation of the Defendant Corporation do not preclude a debt, incurred as the result of the contracts here involved, to accumulate in excess of $15,000.00. Cunningham v. German Ins. Bank, 6 Cir., 101 F. 977.

8. The Defendant Corporation is obligated to the United Mine Workers of America Welfare and Retirement Fund of 1950 and Plaintiff Trustees in the amount computed at the rate of 40¢ per ton on each ton of coal produced for use or for sale by the Defendant Corporation during the period January 1, 1953, through November 30, 1958.

An order, therefore, has been entered granting Plaintiffs' motion for partial summary judgment and dismissing Defendant's counterclaim with prejudice, and leaves remaining as the sole issue for determination the amount of coal produced for use or for sale by the Defendant Corporation during the period January 1, 1953, through November 30, 1958.