UNITED MINE WORKERS OF AMERI-
CA, DISTRICT 22, Appellant,

v.

Leo RONCCO, Jr., and Pete Cavalli, part-
ners doing business as Roncco Coal
Company, Appellees.

No. 7104.

United States Court of Appeals
Tenth Circuit.

March 4, 1963.

Robert Stanley Lowe, Rawlins, Wyo.,
for appellant.

Richard S. Kitchen, Sr., Denver, Colo.
(Gerald A. Stack, Thermopolis, Wyo.,
with him on the brief), for appellees.

Before BREITENSTEIN, HILL and
SETH, Circuit Judges.

SETH, Circuit Judge.

In 1958 the parties entered into a col-
lective bargaining agreement, the Na-
tional Bituminous Coal Wage Agreement
of 1950.  Plaintiff is the local representa-

-tive of the employees, and defendant partners operate a small coal mine in Wyoming. These partners were or are members of plaintiff union. The complaint alleges breach of the collective bargaining agreement by defendants' failure (1) to pay time and one-half for overtime, (2) to follow contract seniority rules, (3) to furnish employees house -coal, (4) to recognize the grievance committee, (5) to pay royalty to the United Mine Workers Welfare Fund, and (6) to check off dues for plaintiff union. The complaint also asks for a declaration of the rights and duties of the parties under the contract. The action was filed under 29 U.S.C.A. § 185, Section 301 of the Labor Management Relations Act.

The defendants filed two verified motions to dismiss, one on the ground that plaintiff did not allege compliance with the arbitration provisions of the contract as a condition precedent. The second motion was on the ground that indispensable parties were not joined, these parties being the trustees of the Welfare Fund and the individual employees of defendants. These motions were heard at a time when the depositions of the defendants had been filed, but the depositions of two other persons had been taken but not transcribed. In one of its orders the trial court stated that it had considered the two depositions then filed in disposing of the motions to dismiss. The trial court sustained the motions on the grounds that plaintiff had not sought arbitration, and for lack of jurisdiction as to certain of the breaches of contract alleged in the complaint. The trial court filed an opinion which clearly and concisely sets out the ruling. U. M. W. v. Roncco, D.C., 204 F.Supp. 1. The trial court considered each of the six claimed breaches of contract mentioned above, and decided it had jurisdiction over some and not others. In making this distinction the court relied upon Association of Westinghouse Employees v. Westinghouse Electric Corp., 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510, upon United Steelworkers v. New Park Mining Co., 273 F.2d 352 (10th Cir.), as well as oth-er cases. It decided which of the rights concerned were "uniquely personal" to the individual employees and which were of "peculiar concern" to the plaintiff union as an organization. Having done this, the trial court then examined the contract provision as to arbitration, concluded the disputes alleged were arbitrable, that arbitration had not been sought by plaintiff as required and so dismissed the complaint.

We agree with the trial court that the failure to pay time and one-half, the failure to sell house coal, and the failure to follow seniority rules were all matters "purely personal" to individual employees under the Westinghouse case, supra. Thus these matters were not of peculiar concern to the plaintiff union as an organization to give the district court jurisdiction. 29 U.S.C.A. § 185. On the alleged failure to use a grievance committee, there was not sufficient information provided the trial court or this court to arrive at a decision. As to the alleged failure to check off dues, this is a matter of direct and peculiar concern of the plaintiff as an organization, and as the trial court indicated, this is within its jurisdiction. United Steelworkers v. Pullman, 241 F.2d 547 (3d Cir.). The remaining item is the alleged failure to pay royalties to the Welfare Fund. The trustees of this fund are the proper parties to commence suits to enforce payment to the fund, as the trial court held. This point has been fully discussed in Lewis v. Quality Coal Corp., 243 F.2d 769 (7th Cir.), and National Ladies Garment Workers Union v. Joy-Ann Co., Inc., 228 F.2d 632 (5th Cir.). This question is also determined by the Westinghouse case, supra.

The plaintiff in its complaint alleges generally that defendants stopped operating in compliance with the contract, and specifically mentions the six points considered above. It also alleges that defendants cancelled the contract, and in the prayer asks damages, but more important for present consideration it asks for a declaration of rights of the parties to the contract. It is apparent

why this declaratory relief is requested when the depositions of the defendants are read. These contain statements which show that an attempt was made by them to terminate the contract, and also that after a certain date they ignored the contract in operating the mine. More particularly the question is raised as to whether a notice of termination had been sent to the plaintiff as contemplated in the contract. Thus there remains the very real question whether there is any contract at all, and this is a matter plaintiff asked in its pleading to have decided. It would seem advisable under these circumstances that this question be decided by the trial court as this will decide whether there is in existence an agreement to arbitrate. We cannot require the contractual "remedy" to be resorted to until the issue before the court as to its very existence is settled. This situation may very well be peculiar to this case because it appears that defendants have taken both the position that the contract is terminated, and that it is not terminated, and arbitration under it is a condition precedent during the course of this litigation. During oral argument before this court as we understood it, they still reserved the right to take a position that there was no contract, should arbitration be attempted. This question includes the real question of fact as to whether a notice of termination was sent or not. The parties here argue on the theory that the motion to dismiss was treated as a motion for summary judgment. The trial court does not discuss this particular point in its opinion. Of course, if there are genuine issues of fact, the granting of summary judgment is not in order. United States v. Kansas Gas and Electric Co., 287 F.2d 601 (10th Cir.); Hunt v. Pick, 240 F.2d 782 (10th Cir.). Further the pleadings should be construed liberally in favor of the party against whom the motion is made. Bushman Construction Co. v. Conner, 307 F.2d 888 (10th Cir.). These same requirements apply in declaratory judgment actions. 6 Moore, Federal Practice, §§ 56.17–56.19.

The trial court did not express an opinion on the declaratory prayer in the complaint which goes to the existence of the entire contract. Certainly the existence of the contract as to check-off, for example, is of "peculiar concern" to the plaintiff as an organization; and under the peculiar circumstances here present the question whether the entire agreement has been ended by a notice of termination is of like "peculiar concern."

The case is reversed and remanded to the trial court for proceedings in accordance herewith.