John RIORDAN et al., Plaintiffs,

v.

ONE STOP FOOD & LIQUOR STORE, INC., and NDK Corporation, Defendants.

No. 72 C 487.

United States District Court,
N. D. Illinois, E. D.

Jan. 25, 1974.

See also, D.C., 60 F.R.D. 496.

M. Leslie Kite of Martin, Drucker, Karcazes & Kite, Ltd., Chicago, Ill., for plaintiffs.

Michael F. Harvey, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendants' motion to dismiss the amended complaint for lack of equitable jurisdiction.

This action is brought under 29 U.S.C. § 185 for an alleged violation of a contract between an employer and a labor organization.

The plaintiffs are the Board of Trustees of the Chicago Area Retail Food Clerks Health and Welfare Trust Fund ("Welfare Fund"), which trust allegedly was created and exists pursuant to a certain Agreement of Trust, dated December 1, 1960, as amended thereafter from time to time in accordance with the provisions of 29 U.S.C. § 186(c).

The defendants, One Stop Food & Liquor Store, Inc., and NDK Corporation are employers in an industry affecting commerce as defined by the Labor Management Act of 1947 and have their principal places of business in Chicago, Illinois.

The plaintiffs, in their amended complaint, allege the following facts *inter alia*:

1. The Welfare Fund was established for the purpose of providing health and welfare benefits for employees whose employers have entered into a collective bargaining agreement with a labor organization which is a party to the Welfare Fund's Agreement and Declaration of Trust. This Welfare Fund arrangement is commonly referred to as a jointly administered multi-employer Health and Welfare Fund.

2. The Retail Food and Drug Clerks Union, Local 1550, a party to Welfare Fund's Amended Agreement and Declaration of Trust, entered into a collective bargaining agreement governing the wage, hours, conditions of work, and terms of employment for employees of the defendants. The agreement became effective November 29, 1964, and provides in Article 17 that defendants would contribute to the Welfare Fund certain sums per month for each regular employee and regular part-time employee. The agreement also provides that any employer who is sixty days delinquent in the payment of any or all of the contributions shall pay as liquidated damages a sum of twenty dollars or ten percent of the amount delinquent, whichever is greater.

3. The defendants failed and refused to contribute to the Welfare Fund in accordance with the provisions of the collective bargaining agreement.

4. There is due and owing from defendants to the Welfare Fund on account of omitted contributions and liquidated damages for the period of January 1, 1969 through the present date, an amount of money, the sum of which is unknown to plaintiffs. Plaintiffs are entitled to an accounting from defendants. This accounting should state the number of individuals regularly employed by defendants, including those regularly employed on a part-time basis and the length of time all such individuals were employed by defendants, including those regularly employed by defendants for the length of time all such individuals were employed by defendants for the period of January 1, 1969 through the present date.

5. Such an accounting is necessary in order to properly determine the amount due to the Welfare Fund from defendants as set forth in the amended complaint and because of the complexity of both accounts involved and the records which contain the information needed to determine the amount due are in the exclusive possession of defendants.

6. Plaintiffs have requested defendants to furnish an accounting and defendants have refused to account.

The plaintiff trustees seek to recover from the defendants an accounting of contributions due, unpaid contributions, liquidated damages and the cost of maintaining this suit.

The defendants, in support of their instant motion that the amended complaint for accounting is fatally defective, contend that:

1. the amended complaint failed to allege an inadequate remedy at law;

2. the amended complaint failed to allege additional grounds for equi-

table relief other than the demand for accounting; and

3. the amended complaint failed to allege privity of contract between plaintiff and defendant.

The plaintiffs, in opposition to the instant motion, contend that they, in the amended complaint, adequately and properly state a cause of action.

It is the opinion of this Court that the instant motion is without merit.

■ A prayer for an accounting will not, in itself, render a complaint cognizable in equity. Root v. Railway Co., 105 U.S. 189, 26 L.Ed. 975 (1882). It is well settled that an accounting is proper where the accounts are all on one side and there are circumstances of great complication or difficulties in the way of adequate relief at law. See 4 Pomeroy, Equity Jurisprudence, § 1421.

■ It is clear that in the instant action the plaintiffs adequately request an accounting in order to properly determine the amount due to the Welfare Fund from defendants on the grounds that the records which contain the relevant information for the accounting are in the exclusive possession of the defendants and that the records themselves contain some complexities. Thus the plaintiffs in the amended complaint, sufficiently state an action for an accounting.

■ Further, as this Court has previously stated in its *Memorandum Opinion and Order* of May 17, 1973, there is no requirement for the plaintiffs and defendants in the instant action to be in privity of contract. Looking at the substance of the relationship between the parties, there is nothing to be gained by requiring a suit by the union rather than by the Trustees of its Welfare Fund. The Seventh Circuit has held that Trustees of a Welfare Retirement Fund are the real parties in interest in a suit to recover sums due to the fund by an employer. Lewis v. Quality Coal Corporation, 243 F.2d 769 (7th Cir. 1957). See also, United Mine Workers of America, District 22 v. Roncco, 314 F.2d 186 (10th Cir. 1963); International Ladies' Garment Workers v. Jay-Ann Co., 228 F.2d 632 (5th Cir. 1956).

■ While these courts have held that Trustees are indispensable parties to such suits when they are brought by a Labor Union, the converse is not true.

The United States Supreme Court has directed that Section 301 is not to be given a narrow meaning. Section 301 is designed to vindicate individual employees' rights arising from a collective bargaining contract. Smith v. Evening News Association, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962). Vindication of such rights is the purpose of this suit, and thus the jurisdiction of this Court over the instant matter would be proper and appropriate.* It is clear that the Labor Union is not an indispensable party to this litigation and that this Court has jurisdiction over the instant action.

Since an accounting appears to be essential to the proper litigation of the instant action brought under Section 301 of the Labor Management Relations Act (29 U.S.C. § 185), it is clear that the plaintiffs may request an accounting from the defendants of the contributions owed to their Fund.

Accordingly, it is hereby ordered that the defendants' motion to dismiss is denied.

---

* Such a finding follows similar rulings by federal courts in other districts. See Trustees v. Woebsberger Roofing, Civ.No. 67–300, 66 LRRM 2047 (E.D.N.Y.1967); Hann v. Korum, Civ.No. 65–114, 64 LRRM 2862 (D. C. Or.1967); Hann v. Ben Harlow, Civ. No. 65–523, 65 LRRM 2012 (D.C.Or. 1967); Schlecht v. Hiatt, Civ.No. 65–377, 65 LRRM 2009 (D.C.Or.1967). See also, Calhoun v. Bernard, 333 F.2d 739 (9th Cir. 1964), involving an action by Trustees of a Pension Fund, originally brought in Municipal Court of Los Angeles, which was removed to Federal District Court based on assertions of original jurisdiction pursuant to Section 301.