CARPENTERS & MILLWRIGHTS
HEALTH BENEFIT TRUST
FUND et al., Plaintiffs,

v.

DOMESTIC INSULATION COMPANY, a
Colorado Corporation, Defendant.

Civ. A. No. 74–C–77.

United States District Court,
D. Colorado.

Jan. 7, 1975.

John F. Head, Denver, Colo., for plaintiffs.

Russell P. Rowe, Denver, Colo., for defendant.

## OPINION AND ORDER

CHILSON, District Judge.

This action was commenced, pursuant to 29 U.S.C. § 185 (Labor Management Relations Act § 301) on January 25, 1974. By their complaint, plaintiffs allege that defendant executed four separate collective bargaining agreements with the Carpenters District Council of Denver and Vicinity respectively on or about November 11, 1968, June 13, 1969, August 26, 1969, and October 27, 1972, and is bound by these agreements. Plaintiffs allege that by the terms of these collective bargaining agreements defendant agreed to be bound by the terms of four trust fund agreements which were incorporated thereinto by reference, viz., Carpenters & Millwrights Health Benefit Trust Fund, Centennial State Carpenters Pension Trust Fund, Colorado Carpenters Vacation Trust Fund, and Colorado Carpenters Joint Apprenticeship Trust Fund. Plaintiffs required reports and by failing to permit plaintiffs to audit its payroll records. Thus, plaintiffs seek a judgment ordering defendant to comply with the provisions of the trust agreements and awarding all amounts presently due and owing thereunder, together with liquidated damages and costs.

On February 19, 1974, defendant filed a motion to dismiss the complaint generally based on the assertion that the collective bargaining agreements are void and that defendant cannot be bound by their terms. Specifically, defendant asserts the following grounds as bases for its motion to dismiss:

(1) The collective bargaining agreements are void for noncompliance with the Colorado Labor Peace Act, C.R.S. 80–4–1 et seq.;

(2) Enforcement of the agreements, if any, is specifically limited to defendant's union employees;

(3) The collective bargaining agreements are void because the unions involved have never been certified by the N.L.R.B. as the exclusive bargaining agent for defendant's employees, and the unions have never enjoyed majority status among defendant's employees;

(4) This Court lacks jurisdiction over the subject matter of this action because the collective bargaining agreements are void and because plaintiffs are not parties to the agreements and thus may not seek their enforcement;

(5) The complaint must be dismissed for plaintiff's failure to join the unions involved as indispensible parties, and;

(6) This Court should defer to the N.L.R.B., the body with primary jurisdiction over this action.

In its brief, defendant also asserts that even if the collective bargaining agreements are determined to be valid, plaintiffs may recover deficiencies owing up until January 31, 1972, due to the alleged applicable Colorado two-year statute of limitations, C.R.S. 87–1–7. Further, defendant asserts that the trustees of the trust funds must be joined as indispensible parties plaintiff.

In effect, this latter contention challenges the capacity of plaintiffs, designated as the trust funds themselves, to maintain this action. Defendant claims that only the trustees of the trusts may prosecute this action to recover contributions allegedly due and owing to the funds.

Although these two grounds were not set forth in defendant's motion to dismiss, but were asserted in defendant's brief, the Court will nevertheless dispose of them in this opinion and order.

On May 16, 1974, plaintiffs filed a motion for summary judgment, supporting affidavits, and a brief in support of its motion and in opposition to defendant's motion to dismiss. Defendant filed a supplemental affidavit and brief in response to plaintiffs' motion on June 28, 1974. These briefs indicate that defendant's motion to dismiss should properly be treated as a motion for summary judgment. In addition to the briefs, oral argument was had.

The issue before the Court on the motions for summary judgment is whether there remains any genuine issue of material fact for resolution at trial. If so, the motions for summary judgment must be denied.

Defendant's motion should be denied except that portion of the motion which seeks to join the trustees of the various trusts as parties plaintiff should be granted.

Plaintiffs' motion should be denied since there remains a genuine issue of material fact which must be determined at trial.

Assuming that the necessary jurisdictional facts are established, i. e. the ex- istence of a valid collective bargaining agreement, plaintiffs properly premise jurisdiction of this action on 29 U.S.C. § 185.

### I. Issue of Fact Precluding Summary Judgment

The resolution of the central dispute in this action depends upon the validity of the collective bargaining agreements involved. If the agreements were validly executed by defendant, defendant is bound by their terms; if the agreements were invalidly executed, defendant is not bound by their terms.

In its memorandum in opposition to plaintiffs' motion for summary judgment, defendant argues that the facts regarding the validity of these agreements are in dispute. Defendant's version of the facts is supported by an affidavit of Thomas W. Chambers, president of defendant. His recitation of the facts surrounding the negotiations, or lack thereof, and the execution of the agreements raises a serious question as to the agreements' validity.

In addition, the question of the collective bargaining agreements' validity was submitted to the N.L.R.B. by the Carpenters union on a charge of unfair labor practices against defendant's employees. The N.L.R.B. held, on June 4, 1974, that:

[A]t no time were there more than two of Domestic's employees who were members of the union, and the Employer's crew normally consisted of five or more men performing work covered by the contract. The Union, therefore, never represented a majority of Domestic's employees employed in an appropriate unit, at the time the contract was signed, or at any subsequent time. In view of the foregoing, and since this is clearly an 8(f) contract dealing with an employer engaged primarily in the building and construction industry, there is no obligation by the Employer to bargain with the Union . . . . .

Thus, the N.L.R.B. found that defendant is not bound by the terms of the collec-

tive bargaining agreements here involved.

■■ While the Court is not conclusively bound by this factual finding, the N.L.R.B. decision deserves respect and must be accorded substantial weight. At the very least, this finding, together with defendant's affidavits and briefs, shows that there exists a genuine issue of material fact remaining to be resolved, and that for this reason summary judgment is inappropriate. Thus, defendant's motion to dismiss, treated as a motion for summary judgment, and plaintiffs' motion for summary judgment, must be denied.

The resolution of the validity or invalidity of the collective bargaining agreements at trial will determine the remaining substantive issues between the parties.

*II. Procedural Matters Raised by Defendant*

■ Defendant asserts that the trustees of the plaintiff trust funds are the proper parties to prosecute this action rather than the trust funds themselves. Defendant's position in this regard is correct. It is the trustee, or trustees, not the trust itself, that is entitled to bring this action. See 6 Wright & Miller, Federal Practice and Procedure: Civil § 1548, p. 676; Coverdell v. Mid South Farm Equipment Ass'n, Inc., 335 F.2d 9, 14 (6th Cir. 1964); United Mine Workers of America v. Roncco, 314 F.2d 186 (10th Cir. 1963); Lewis v. Quality Coal Corp., 243 F.2d 769, 777 (7th Cir. 1957); George v. Lewis, 228 F.Supp. 725 (D.Colo.1964); Yonce v. Miners Memorial Hospital Ass'n, 161 F.Supp. 178, 187–188 (W.D.Va.1958). The trusts themselves are not legal entities with capacity to sue, nor are they unincorporated associations with capacity to prosecute this action under Fed.R.Civ.Proc. 17(b). See 3A Moore's Federal Practice Paragraph 17.25, p. 856; Yonce v. Miners Memorial Hospital Ass'n, *supra*. Moreover, the trust fund agreements themselves designate the trustees as the appropriate parties to sue to recover unpaid contributions. The trustees thus must bring this action. See Colo.R.Civ. Proc. 17(b); Rippey v. Denver U. S. Nat'l Bank, 260 F.Supp. 704, 715 (D. Colo.1966) (legal title holder is proper plaintiff); Elk-Rifle Water Co. v. Templeton, 173 Colo. 438, 448, 484 P.2d 1211 (1971) (real party in interest is legal title holder; action must be pursued by trustees).

In order to expedite matters, the caption is hereby amended to read as follows:

"TRUSTEES OF CARPENTERS & MILLWRIGHTS HEALTH BENEFIT TRUST FUND, CENTENNIAL STATE CARPENTERS PENSION TRUST FUND, COLORADO CARPENTERS VACATION TRUST FUND and COLORADO CARPENTERS JOINT APPRENTICESHIP TRUST FUND,

Plaintiffs,

v.

DOMESTIC INSULATION COMPANY, a Colorado corporation,

Defendant."

The plaintiffs shall, within ten days, file a more definite statement of the complaint in which they shall list the names and addresses of the present trustees of the various trust funds mentioned in the caption.

■ Defendant also asserts that the union signatories to the collective bargaining agreements here involved should be joined as necessary and proper parties plaintiff. The only necessary parties to this action seeking to recover contributions to the trust funds are the trustees of the various trusts. Lewis v. Quality Coal Corp., *supra*. See United States v. Embassy Restaurant, 359 U.S. 29, 33, 79 S.Ct. 554, 3 L.Ed.2d 601 (1959); United States v. Carter, 353 U. S. 210, 214, 77 S.Ct. 793, 1 L.Ed.2d 776 (1956); United Mine Workers of America v. Roncco, *supra*. Thus, the unions are not proper parties to this action and need not be joined. See Riordan v. One

Stop Feed & Liquor Store, Inc., 372 F. Supp. 644, 646 (N.D.Ill.1974). See also, G. Bogert, Law of Trusts and Trustees § 593 (2d ed. 1960).

### III.  Applicable Statute of Limitations

Defendant finally claims that this action must be governed by the appropriate Colorado statute of limitations, asserted to be C.R.S. 87–1–7 as amended, and that plaintiffs' recovery, if any, should be limited to amounts owing up to January 31, 1972, two years prior to the commencement of this action.

■ Since the federal statute provides no statute of limitations, the timeliness of suits brought under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, "is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations", International Union, U. A. W., v. Hoosier Cardinal Corp., 383 U.S. 696, 704–705, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192 (1966), so long as the applicable state statute of limitations is not "unreasonable or otherwise inconsistent with national labor policy". Id. at 706, 86 S.Ct. at 1113.

Defendant maintains that the applicable Colorado statute of limitations is C. R.S. 87–1–7, which provides a two-year limitation period for suits upon federal causes of action for which there is no federal statute of limitations, "or the period specified for comparable actions arising under Colorado law, whichever is longer.  .  .  .  ." C.R.S. 87–1–7 as amended.

■ This is an action for breach of collective bargaining agreements, contracts by which defendant is allegedly bound. The appropriate Colorado statute of limitations, therefore, is the general six-year statute regarding breaches of contract, C.R.S. 87–1–11. If the

Court ultimately determines that the collective bargaining agreements involved are valid and that defendant is bound thereby, recovery will be governed by this six-year limitations period. Application of state contract statutes of limitations to actions under 29 U.S.C. § 185 is not unreasonable or contrary to any national federal labor policy. See International Union, U. A. W., v. Hoosier Cardinal Corp., supra, 383 U.S. at 705, nt. 7, 86 S.Ct. 1107.

It is therefore ordered that the caption of this action is amended to read as follows:

"TRUSTEES OF CARPENTERS & MILLWRIGHTS HEALTH BENEFIT TRUST FUND, CENTENNIAL STATE CARPENTERS PENSION TRUST FUND, COLORADO CARPENTERS VACATION TRUST FUND and COLORADO CARPENTERS JOINT APPRENTICESHIP TRUST FUND,

Plaintiffs,

DOMESTIC INSULATION COMPANY, a Colorado corporation,

Defendant."

and that the plaintiff shall, within ten days from this date, file with the Court and serve upon the defendant, a more definite statement of the complaint, setting forth the names and addresses of the trustees of the various trust funds set forth in the caption.

It is further ordered that except to the extent set forth above, the defendant's motion to dismiss which the Court treats as a motion for summary judgment and the plaintiffs' motion for summary judgment are hereby denied.

It is further ordered that the defendants shall answer the complaint within twenty days from this date.