**ROCHESTER TELEPHONE CORPORA-TION, Appellee,**

**v.**

**COMMUNICATIONS WORKERS OF AMERICA, AFL–CIO, et al., Appellants.**

**No. 538, Docket 71–1981.**

United States Court of Appeals, Second Circuit.

Argued March 1, 1972.

Decided March 3, 1972.

Richard Lipsitz, Buffalo, N. Y. (Lipsitz, Green, Fahringer, Roll, Schuller & James, Lawrence A. Schulz, Buffalo, N. Y., on the brief), for appellants.

Eugene D. Ulterino, Nixon, Hargrave, Devans & Doyle, Rochester, N. Y., for appellee.

Before MURRAH,[*] KAUFMAN and OAKES, Circuit Judges.

PER CURIAM:

■ The court below, after denying a preliminary injunction to enjoin a strike sought by appellee on *Boys Markets* grounds [Boys Markets, Inc. v. Local 770, Retail Clerks, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970)], enjoined appellant union and unidentified members from intentionally cutting telephone cables and destroying company property. This was done on the court's own motion and perhaps without requiring the posting of an injunction bond.[1] This injunction was plainly issued erroneously, not only because there was no evidence connecting the union or its members with the cable cutting, United Mine Workers of America v. Gibbs, 383 U.S. 715, 738–739, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); 29 U.S.C. §§ 106, 107(a), but also because there was no allegation, proof or finding that ". . . the public officers charged with the duty to protect [the company's] property are unable or unwilling to furnish adequate protection." 29 U.S.C. § 107(e).

■ Appellee concedes that the injunction was issued improvidently, but argues that the appeal is moot, and has moved to dismiss the appeal, because the strike which gave rise to the injunction ended on September 8, 1971, a new contract has subsequently been ratified and there have been no further incidents of cable cutting or the like. The injunction is still outstanding, however, and even if the only issue related to appellants' right to damages from its issuance, the case would not be moot. Liner v. Jafco, Inc., 375 U.S. 301, 305–306, 84 S.Ct. 391, 11 L.Ed.2d 347 (1964).

We therefore reverse, vacate the injunction and remand for further determination of the issues (1) whether appellee is responsible to appellants for reasonable expenses and attorneys' fees (29 U.S.C. § 107) in connection with the erroneous issuance of such injunction; (2) if so, to how much appellants are entitled; and (3) whether any surety is legally responsible on any injunction bond covering this injunction.

Judgment for appellants in accordance with the opinion.

---

* Senior Judge of the Tenth Circuit Court of Appeals, sitting by designation.

1. Appellee apparently attached a surety bond to its application for injunctive relief, but so far as here appears there is no indication that this bond was filed in respect to the injunction actually issued.