**Max MANNING, Trustee for and on behalf of Painters and Associated Trades Trust Fund, Plaintiff-Appellant,**

v.

**Ron WISCOMBE, dba Ron Wiscombe Painting and Sandblasting, Defendant-Appellee.**

No. 73-1688.

United States Court of Appeals, Tenth Circuit.

Argued March 21, 1974.

Decided July 3, 1974.

Richard W. Perkins, Turner & Perkins, Salt Lake City, Utah, for plaintiff-appellant.

George M. Mecham, Salt Lake City, Utah, for defendant-appellee.

Before LEWIS, Chief Judge, and PICKETT and BARRETT, Circuit Judges.

LEWIS, Chief Judge.

Through the execution of a series of counterpart agreements in 1967, appellee Ron Wiscombe, doing business as Ron Wiscombe Painting and Sandblasting, became a nonmember signatory to a collective bargaining agreement between the Salt Lake Chapter of Painting and Decorating Contractors of America (association) and the Brotherhood of Painters, Decorators and Paperhangers of America, Local No. 77 (union). Included in this agreement were provisions for the establishment and maintenance of a Painters and Associated Trades Trust Fund for health and welfare, apprenticeship and training, and vacations. According to the terms of the agreement, Wiscombe was to make contributions to the trustee of this fund for and on behalf of his employees performing work covered by the agreement based upon the number of hours worked by such employees.

Utah is a right-to-work state and Wiscombe employed both union and nonunion personnel in the prosecution of his business. From 1967 to 1971 Wiscombe made contributions to the trust fund on behalf of his union employees, although such contributions were incomplete. No contributions were made on behalf of nonunion employees. Appellant Max Manning, trustee for the fund, brought an action in district court under 29 U.S.C. § 185 to recover sums which he claimed were still owing for some of the work performed by union members and for all of the work performed by nonunion employees.

The incomplete contributions due on behalf of the union members were ordered to be paid by the district court below and do not present an issue here. But the court held that the funds on behalf of the nonunion employees were never owing under the terms of the collective bargaining agreement and dismissed the trustee's claim in this respect. The trustee now appeals that dismissal contending that under the plain language of the agreement nonunion employees were intended to be covered.

The sole issue before us is whether, under the collective bargaining agreement, Wiscombe was obligated to make contributions to the trustee's fund on behalf of his nonunion employees. Section I of the subject agreement provides:

The Association recognizes the Union as the bargaining representative of all of the employees employed by its contractor members where-ever such employees are performing work covered by this agreement.

It is undisputed that Wiscombe's nonunion employees were performing work covered by the agreement as defined in a subsequent section. And it is worth noting in this respect that Wiscombe's counsel, at hearing, agreed that as a general proposition "an employer who signs an agreement such as this, which provides for the payment to trust funds, is bound to make contributions on behalf of union and nonunion employees." But he argues that this agreement provides an exception in that the contract has from its inception been applied on a "members-only" basis, that nonunion employees were never represented in the

bargaining negotiations,[1] and that non-union employees were therefore excluded from the bargaining unit and coverage under the agreement. He points to the fact that a petition to the National Labor Relations Board for clarification of the bargaining unit under the agreement was dismissed because the Board found that the agreement was being applied on a "members-only" basis. To clarify a bargaining unit under these circumstances, the Board concluded, "would not effectuate the policies of the Act. . . ." Ron Wiscombe, dba Ron Wiscombe Painting and Sandblasting Co. and Painters and Allied Trades Local Union No. 77, 194 N.L.R.B. No. 153.[2]

We disagree with the conclusion of the court below that the agreement, by its terms, provides no clause which would obligate Wiscombe to make contributions on behalf of his nonunion employees. The recognition clause cited above clearly establishes the union as the bargaining representative for all *employees* performing work covered by the agreement and it is conceded that Wiscombe's nonunion people were so engaged. Subsequent references throughout the agreement to "union members" and "employees" makes it clear that the terms are not synonymous and that "employees" was intended to apply to both union and nonunion members. The wording of the trust agreement obliging the employer to contribute for "each hour worked by his employee covered hereunder" is not, in our view, subject to an interpretation other than that contributions on behalf of nonunion employees are required. The contract is not ambiguous and the intention of the parties must be gleaned from its four corners. Filtrol Corp. v. Loose, 10 Cir., 209 F.2d 10.

We must now consider whether the fact that the contract has been applied on a "members-only" basis serves to relieve Wiscombe of the liability imposed under the plain wording of the agreement. The trustee here stands as a third-party beneficiary of the collective bargaining agreement and his rights vested upon the signing of the contract and the creation of the trust fund. The primary parties cannot modify by subsequent conduct the express terms of an agreement without the consent of a third-party beneficiary whose rights have vested. The fact that the union has failed to adequately represent these nonunion employees may give rise to an unfair labor practice charge before the NLRB but, in the absence of a clearly expressed contractual intent to the contrary, it cannot be an adequate defense by an employer against a third-party beneficiary trustee. Lewis v. Benedict Coal Corp., 361 U.S. 459, 80 S.Ct. 489, 4 L.Ed.2d 442. Wiscombe signed an agreement which is clear on its face and the posture of this case presents no basis on which he can relieve himself of the obligation which the trustee seeks to enforce.

Because of the disposition of the case below, no monetary assessment of liability was made. The matter is therefore reversed and remanded for further proceedings consistent with this opinion.

1. It is stipulated that the contract has been applied on a "members-only" basis.

2. The Regional Director had entertained the petition to clarify and determined that nonunion employees were included in the bargaining unit. We are disturbed by the rationale of the Board's refusal to consider the issue as one not effectuating the policies of the Act but the courts have many times been cautioned that such expertise is with very narrow exceptions exclusively the Board's and the issue is not before us directly.