**1060**

William WHELAN, Victor Siegal, Joseph Ninevaggi, as Trustees of I. B. T. Local 584 Welfare Trust Fund, Plaintiffs-Appellees,

v.

Raymond COLGAN, Charles R. Doherty and Herbert Whitehead, as Trustees of I. B. T. Local 584 Welfare Trust Fund, Defendants-Appellants.

No. 1169, Docket 79–7302.

United States Court of Appeals, Second Circuit.

Argued May 24, 1979.

Decided June 27, 1979.

Leon J. Greenspan, White Plains, N. Y. (Joseph D. DeSalvo, Greenspan & Jaffe, White Plains, N. Y., of counsel), for defendants-appellants.

Edwin M. Mulholland, New York City (Driscoll, Mulholland & Delaney, New York City, of counsel), for plaintiffs-appellees.

Before LUMBARD, MANSFIELD and GURFEIN, Circuit Judges.

GURFEIN, Circuit Judge:

This is an appeal from a preliminary injunction entered by the District Court for the Southern District of New York (Hon. Lawrence W. Pierce, Judge), enjoining appellants, the three employer-designated trustees ("employer trustees") of the International Brotherhood of Teamsters Local 584 Welfare Trust Fund, during the pendency of the action, from "interfering in any way with payment of welfare benefits . . . to the striking members of the Union and their dependents. . . ." The employer trustees had "blocked payment" of various medical and welfare benefits by the Fund to Local 584 employees who went out on strike on February 24, 1979. The three Union-designated trustees ("employee trustees") of the Welfare Fund thereupon commenced this suit, seeking specific performance of the arbitration provision of the Trust Agreement to decide the question of continued payments; the employee trustees also requested injunctive relief to preserve the status quo pending resolution of the dispute.[1] The strike ended on May 2, of this year.

We are met, at the outset, with the contention that this appeal became moot when the strike ended, since the preliminary injunction below only commands that benefits be paid to "*striking* members of the Union and their dependents [emphasis added]." *See Washington Metro A. Transit Auth. v. Amalgamated Transit Union,* 174 U.S.App.D.C. 285, 288, 531 F.2d 617, 620 (1976). Communications from the parties, furnished at our request, indicate, however, that the injunction and the controversy retain vitality because the Fund is still obliged to pay reimbursements for medical expenditures made by the beneficiaries during the period of the strike. *Cf. Rochester Tel. Corp. v. Communications Workers of America,* 456 F.2d 1057 (2d Cir. 1972) (per curiam). We must, therefore, consider the merits.

Appellants attack the preliminary injunction on these grounds: (1) that it was beyond the jurisdiction of the District Court; (2) that the employee trustees lacked standing to seek injunctive relief; and (3) that it was improvidently granted. We reject these contentions.

The District Court properly took jurisdiction under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, because the employee trustees' claim for relief was founded upon their interpretation of the Welfare Fund Trust Agreement between the Union and the employers. Section 301 jurisdiction is not limited to collective bargaining agreements, but includes agreements "significant to the maintenance of labor peace . . . ." *Retail Clerks Int'l Ass'n, Local Nos. 128 and 633 v. Lion Dry Goods, Inc.,* 369 U.S. 17, 28, 82 S.Ct. 541, 7 L.Ed.2d 503 (1962); *see Allied Chemical & Alkali Workers of America, Local No. 1 v. Pittsburgh Plate Glass Co.,* 404 U.S. 157, 181 n. 20, 92 S.Ct. 383, 30 L.Ed.2d 341 (1971) (dictum); *Crawford v.*

---

1. Before the District Court held its hearing on the preliminary injunction, the trustees actually commenced arbitration. The employee trustees continued to demand injunctive relief to make certain that payments continued until the outcome of arbitration. So far as we are informed, arbitration is still proceeding.

*Cianciulli,* 357 F.Supp. 357, 366–67 (E.D.Pa. 1973); *cf. Nedd v. United Mine Workers of America,* 556 F.2d 190, 197–98 (3d Cir. 1977), *cert. denied,* 434 U.S. 1013, 98 S.Ct. 727, 54 L.Ed.2d 757 (1978).

*Alvares v. Erickson,* 514 F.2d 156, 161 (9th Cir.), *cert. denied,* 423 U.S. 874, 96 S.Ct. 143, 46 L.Ed.2d 106 (1975) and *AFL v. Western Union Telegraph Co.,* 179 F.2d 535, 538 (6th Cir. 1950), cited by appellants, hold that linked trust and collective bargaining agreements are "contracts" under § 301; they do not hold, however, that a trust agreement must always be inseparable from a bargaining agreement to fall within the ambit of § 301. The surviving Trust Agreement here is sufficient for jurisdiction under § 301.

▌ The employee trustees may maintain this action under § 301 against the employer trustees for contract violations. *Crawford v. Cianciulli, supra,* at 366–67; *Raymond v. Hoffman,* 284 F.Supp. 596, 599–600 (E.D.Pa.1966) (alternate holding); *see Lewis v. Benedict Coal Corp.,* 361 U.S. 459, 80 S.Ct. 489, 4 L.Ed.2d 442 (1960) (by implication) (suit by trustees for royalties under bargaining agreement); *Nedd v. United Mine Workers of America, supra,* at 197–98; *Alvares v. Erickson, supra,* at 162–64; *cf. Allied Chemical Workers of America, Local No. 1 v. Pittsburgh Plate Glass Co., supra,* 404 U.S. at 181 n. 20, 92 S.Ct. 383 (dictum); *Smith v. Evening News Ass'n,* 371 U.S. 195, 199–201, 83.S.Ct. 267, 9 L.Ed.2d 246 (1962).[2]

▌ Finally, the District Judge did not err in granting the preliminary injunction here. Judge Pierce based his order on the conclusion that termination of benefits during the strike period would irreparably harm the employees and that the employee trustees were likely to prevail on the merits of their action. *See Triebwasser & Katz v. American Tel. & Tel. Co.,* 535 F.2d 1356, 1358–59 (2d Cir. 1976); *Sonesta Int'l Hotels Corp. v. Wellington Associates,* 483 F.2d 247, 250 (2d Cir. 1973). Appellants chal-

lenge the finding of irreparable harm. In fact, the threatened termination of benefits such as medical coverage for workers and their families obviously raised the spectre of irreparable injury. Under the branch of preliminary injunction analysis employed by Judge Pierce, it was unnecessary to balance that possible hardship against any hardship incurred by the Fund: even had such a balance been performed, we would not say that the District Judge's ruling was incorrect, or an abuse of discretion. *Triebwasser & Katz, supra,* at 1358.

Affirmed.

---

2. We emphasize that our holding is limited to this action to compel arbitration under the contract. Since no reliance was placed on § 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5), we do not consider it as a jurisdictional foundation here, nor do we determine when § 301 is applicable, if at all, to a situation covered by § 302.