Argued and submitted July 14, reversed and remanded November 3, 1980

# VERMEER et al,
*Appellants,*

*v.*

# TOMKEN CONSTRUCTION, INC.,
*Respondent.*

## (No. A 7904-02022, CA 16780)

618 P2d 1301

Herbert B. Galton, Portland, argued the cause for appellants. With him on the brief was Galton, Popick & Scott, Portland.

No appearance made by respondent.

Paul T. Bailey, Portland, argued the cause and filed a brief amicus curiae for Oregon-Washington Carpenters-Employers Trust Funds.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

## ROBERTS, J.

Plaintiffs, trustees of employe benefit plans known as Oregon Laborers-Employers Trust Funds, brought suit to enforce the terms of their collective bargaining agreement with defendants to recover unpaid employe benefit contributions, as well as liquidated damages, audit fees, attorney fees, interest, costs and disbursements.

Defendant demurred, alleging that since the plan administered by plaintiffs is subject to the Employee Retirement Insurance Security Act (ERISA), 29 USC §§ 1001 *et seq,* plaintiffs' action is one which must be brought in federal court under the Act's pre-emption provisions, and that the state court lacked jurisdiction.[1] The demurrer was sustained and the action dismissed. We reverse.

Actions such as plaintiffs', to compel payment to an employe trust fund pursuant to the terms of a collective bargaining agreement, are actions for violation of a labor contract. These have traditionally been brought in state courts pursuant to Section 301(a) of the Labor Management Relations Act (LMRA), 29 USC 185(a).[2] This section has been interpreted as giving state and federal courts concurrent jurisdiction over these matters. *Textile Workers v. Lincoln Mills,* 353 US 448, 77 S Ct 912, 1 L Ed 2d 972 (1975), *Dowd Box Co. v. Courtney,* 368 US 502, 82 S Ct 519,

---

[1] Defendant contended in its memorandum in support of the demurrer that this action was one within the scope of ERISA's civil enforcement provisions, 29 US 1132(a)(3)(B)(ii), *i.e.,* "A civil action * * * by a participant, beneficiary, or fiduciary * * * to obtain other appropriate equitable relief * * * to enforce any provisions of this subchapter or the terms of the plan," and that jurisdiction over the action was placed exclusively in the federal courts pursuant to 29 USC 1132(e)(1), which provides:

"(e)(1) Except for actions under subsection (a)(1)(B) of this section, the district court of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section."

[2] Section 301(a) of the Labor Management Relations Act provides:

"Sec. 301. (a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

7 L Ed 2d 483 (1962); *Northwest Admin. v. Wildish Sand,* 275 Or 659, 552 P2d 547 (1976); *Gilstrap v. Mitchell Bros. Truck Lines,* 270 Or 599, 529 P2d 370 (1974), *cert den* 421 US 1011 (1975); *Corvallis S. & G. Co. v. H. & P. Eng.,* 247 Or 158, 419 P2d 38, *cert den* 387 US 909, 87 S Ct 1683, 18 L Ed 2d 622 (1967).

The question presented by this case is whether, with the enactment of ERISA in 1974, Congress showed a clear intent to pre-empt state jurisdiction for actions of this kind. We conclude it did not.

We discussed the scope of ERISA in *Gast v. State of Oregon,* 36 Or App 441, 585 P2d 12 (1978), concluding that ERISA was designed for a limited and specific set of purposes, and that "* * * there is no suggestion in the statute that Congress intended to regulate the substance of health and welfare benefits or the manner in which such benefits are to be provided." 36 Or App at 454.

The Act's civil enforcement section, 29 USC 1132, provides only two enforcement mechanisms for trustees: 1132(a)(2), allowing a suit by one fiduciary against another for breach of fiduciary duty, and Section 1132(a)(3), allowing suit for injunction or other equitable relief for violation of the provisions of ERISA or the terms of a plan.

Plaintiffs' action is not one to enforce a fiduciary duty. It is not one to "enforce any provision of the subchapter." ERISA provides no remedy for trustees seeking to recover delinquent contributions to a trust fund. Its funding provisions, which cover only a few types of plans,[3] require only that a plan be funded so as to amortize unfunded liabilities in 30 years. 29 USC 1082.[4]

■ ■ Therefore, though plaintiffs' action is one to enforce the terms of its agreement with defendant, it is not an action under 29 USC 1132(a)(3)(B)(ii) requiring exclusive federal jurisdiction "to enforce the terms of the plan." ERISA's legislative history indicates that exclusive federal

---

[3] See 29 USC 1081.

[4] The sanction for employers who under-fund is imposition of an excise tax or forfeiture of tax-exempt status. *See* H. R. Rep No. 807 and S. Rep. No. 383, 93rd Cong., *2d* Sess, 3, reprinted in 1974 U.S. Code Cong. & Ad. News 4763, 4768, 4918, 4941.

jurisdiction for a claim under Section 1132 is required only when the claim is based on a term of the individual plan between the parties which *also* involves an enforceable provision of ERISA:

> "* * * The U.S. district courts are to have exclusive jurisdiction with respect to actions involving breach of fiduciary responsibility as well as exclusive jurisdiction over other actions to enforce or clarify benefit rights provided under title I. However, *with respect to suits to enforce benefit rights under the plan or to recover benefits under the plan which do not involve application of the title I provisions, they may be brought not only in U.S. district courts but also in State courts of competent jurisdiction.* All such actions in Federal or State courts are to be regarded as arising under the laws of the United States in similar fashion to those brought under section 301 of the Labor-Management Relations Act of 1947. * * *" (Emphasis supplied.) H. R. Conf. Rep No. 1280, 93rd Cong., 2d Sess, 3, reprinted in 1974 U.S. Code Cong. & Ad. News 5106.[5]

Plaintiffs have alleged that defendant's trust fund contributions are due pursuant to the bargaining agreement. Where the trust agreement and the bargaining agreement are linked, they together constitute a labor "contract" enforceable under Section 301(a) of the Labor Management Relations Act, 29 USC 185(a). *Alvares v. Erickson,* 514 F2d 156, 161 (9th Cir 1975), *cert den* 423 US 874, 96 S Ct 143, 46 L Ed 2d 106 (1975); *AFL v. Western Union Telegraph Co.,* 179 F2d 535, 538 (6th Cir 1950).

■       Unlike ERISA, which does not provide enforcement in this situation, the Labor Management Relations Act provides specific rights and enforcement. Under 29 USC 186(c)(5)(B), the detailed basis on which trust fund payments are to be made must be specified in a written agreement with the employer. See *Denver Metro Ass'n v. Journeyman Plumbers,* 586 F2d 1367 (10th Cir 1978). Further, pensions and insurance benefits are part of "wages" and as such are subjects of mandatory collective bargaining. A refusal to bargain or an arbitrary change in, or failure to honor the agreement, is a violation of 29 USC 158(a)(5). *Inland Steel Co. v. NLRB,* 170 F2d 147, 251 (7th

---

[5] Title I provisions are the regulatory provisions covering the four areas already discussed.

Cir 1948), *cert den* 336 US 960, 69 S Ct 887, 93 L Ed 2d 1112 (1949).

■ The question of jurisdiction must be determined solely by reference to the allegations in a plaintiff's complaint, not on the basis of issues raised in defendant's answer. *Gully v. First National Bank,* 229 US 106, 113, 57 S Ct 96, 81 L Ed 70 (1936), cited in *Smith v. Hickey,* 482 F Supp 644 (SD NY 1979)), in which defendants raised an ERISA defense in state court, the action was removed to federal court, and the federal court remanded to the state to hear trustees' claim for violation of the collective bargaining agreement.

■ We also conclude that the right to bring an action under Section 301(a) of the Labor Management Relations Act could not be preempted by ERISA, because as an action brought pursuant to a federal statute, *i.e.,* 29 USC 185(a), it is specifically exempted from preemption by another section of ERISA, namely 29 USC 1144(d), which provides:

"(d) Nothing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States (except as provided in sections 1031 and 1137(b) of this title) or any rule or regulation issued under any such law."

Plaintiffs were within their rights in selecting the state court as their forum.

Reversed and remanded.