Carl ALLEN, George Freda, Ed La Sanka, Karl Niedermeyer, Jack Loth, and Sherman Nick, as Trustees of the Pension, Welfare, and Vacation Funds of IBEW Local 701, Plaintiffs,

v.

Aldo CIVITELLO, individually and d/b/a Carol Stream Electric, Defendant.

No. 80 C 1853.

United States District Court, N. D. Illinois, E. D.

June 5, 1981.

Arnold & Kadjan, Chicago, Ill., for plaintiffs.

Richard J. Ramello, LaSusa & Storino, Des Plaines, Ill., for defendant.

## DECISION

McMILLEN, District Judge.

Following the entry of our decision dated January 16, 1981, plaintiffs filed a motion for reconsideration, supported with a detailed memorandum of law which calls attention to many decisions not previously cited by plaintiffs' attorneys. The defendant remains in default. For reasons unrelated to the decisions relied on by plaintiffs, we find that a judgment of default on the basis of the original complaint should be entered against defendant.

Plaintiffs' principal contention seems to be that the Union, Local 701 of the I.B.E.W., is not a real party in interest in this case. We agree that the Union has only an indirect financial interest in the outcome of the case, although it does of course have a fiduciary obligation to represent its members fairly and effectively. But one reason why the Union is a real party in interest in our opinion is that only a "labor organization" as defined in the Labor-Management Relations Act can sue for violation of a contract under § 301(a). Therefore, the Union is a necessary party in order to confer jurisdiction on the federal court. No reason has been shown why the Union cannot be joined pursuant to Rule 19(a), and all of the requirements set forth for joinder in that rule are satisfied in the case at bar.

Equally important, should a defendant employer attack the validity or authenticity of the collective bargaining agreement under which the trusts were created, the Union and all of its members would have a vital interest in the outcome of such litigation, including the question of whether or not the matter is subject to an arbitration clause in a collective bargaining contract. We do not intend to imply, as plaintiffs apparently believe, that the trustees are not proper parties in cases of this kind, but we do hold that the collective bargaining agent itself may also be vitally interested in the outcome of the litigation if a contest should arise.

Plaintiffs cite several cases in their memorandum (pp. 4–5) representing that they affirm the right of trustees to sue for money due to them under § 301.* The only case which gives us pause, however, is *Lewis v. Quality Coal Corp.*, 243 F.2d 769 (7th Cir. 1957). We have already pointed out in our previous decision why we do not believe the language in that case is applicable to a § 301 complaint, and we need not repeat those reasons here. We do not disagree with *Lewis* but simply do not believe it controls our decision in a suit for recovery of contributions to a pension or health and welfare fund.

Judge Milton I. Shadur has called our attention to an interesting decision which he rendered in the case of *Lakeland Construction Co. v. Operative Plasterers & Cement Masons International Association Local No. 362*, 79 C 3101, entered February 20, 1981. As can be noted from the title of the case, the lawsuit was brought by an employer against the union, for monies allegedly due under trust agreements in the collective bargaining contract. Judge Shadur held that the trustees of the fund should be made parties pursuant to Rule 19, and he ordered that this be done, relying upon *Lewis v. Quality Coal Corp., supra, inter alia*. We have no dispute with Judge Shadur's decision and believe it is entirely consistent with the one we entered in the case at bar, although of course it does not go into the point which we raised because the union was already a party defendant in Judge Shadur's case.

We note from the complaint in the case at bar that the trust funds were established pursuant to collective bargaining agreements entered into between Local 701 and "certain employer associations whose members employ members of said un-

---

* Plaintiffs cited *Lewis v. Benedict Coal*, 361 U.S. 459, 80 S.Ct. 489, 4 L.Ed.2d 442 (1960); *Trust Fund v. Gardineer Dry Walling Co.*, 573 F.2d 1172 (10th Cir. 1978); *Manning v. Wiscombe*, 498 F.2d 1311 (10th Cir. 1974); *Teamsters v. Crown Cork & Seal Co.*, 488 F.2d 738 (8th Cir. 1973); *Calhoun v. Bernard*, 333 F.2d 739 (9th Cir. 1964); *Local No. 90 v. Welbuilt Corp.*, 283 F.2d 868 (6th Cir. 1960).

ion . . . ." As we pointed out in our decision of January 16, 1981, Congress amended E.R. I.S.A. on September 26, 1980 to permit suits against employers who are obligated to make contributions to a "multi-employer plan." Section 1132(g)(2) of Title 29 (E.R.I. S.A.) was thereupon amended to permit suits by a fiduciary for unpaid contributions to the multi-employer plan. This amendment of course would have been unnecessary if the fiduciary trustees could already bring such lawsuits under § 502 of E.R.I. S.A. or § 301 of the Labor-Management Relations Act. It is our opinion that this amendment gives the court jurisdiction retroactively over claims that arose before the effective date of the amendment. In other words, the September 1980 amendment conferred jurisdiction on the federal court to entertain suits by fiduciaries for collection of contributions to multi-employer trusts, thereby giving us jurisdiction to do so regardless of whether the obligation arose before or after the amendment. This is made clear by § 515 of P.L. 96–364 which provides as follows:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

This amendment is codified in § 1145 of Title 29 (E.R.I.S.A.) and was quoted at the top of p. 8 of our original decision of January 16, 1981.

Since it appears therefore that this complaint was filed by fiduciaries to enforce the contributions provisions of multiemployer funds (complaint, paragraph 2b), and paragraph 5, plaintiffs are entitled to an entry of summary judgment. They have supported their motion by an affidavit showing that defendant owes a total of $9,187.03 to the plaintiff fiduciaries, including liquidated damages of 10 percent and an auditing fee of $450.00. To this will be added the fees for the attorneys representing plaintiffs which are supported by the affidavit of Robert I. Shane, Esquire show-

ing a total amount of $543.75 attorney's fees and $85.00 expenses.

Plaintiffs may serve and file an appropriate judgment order in accordance with the foregoing decision within two weeks (14 days) hereof. Plaintiffs motion to reconsider our decision of January 16, 1981 is granted to the extent that the decision denied plaintiffs motion for a default judgment and required the filing of an amended complaint joining the appropriate union as a plaintiff, since this requirement has now been obviated by the amendment to E.R.I. S.A. dated September 26, 1980.