WAREHOUSEMEN'S HEALTH AND WELFARE FUND, et al., Plaintiffs,

v.

IT CORPORATION, et al., Defendants.

No. CV 80–1842–WMB.

United States District Court,
C. D. California.

Oct. 15, 1981.

Ronald Dean, Pacific Palisades, Cal., for plaintiffs.

James N. Adler, Munger, Tolles & Rickerhauser, Los Angeles, Cal., for defendants.

### ORDER RE: ADMISSION OF EVIDENCE OF BARGAINING HISTORY AND PAST PRACTICE

WM. MATTHEW BYRNE, Jr., District Judge.

Plaintiffs, Warehousemen's Health and Welfare Fund and Employers'-Warehousemen's Pension Trust Fund, are suing under two successive collective bargaining agreements ("Agreements") entered into in 1975 and 1977 by defendants, William H. Hutchinson & Son, Inc. and IT Services, a division

of IT Corporation, and Warehousemen's Local 26 to recover contributions that allegedly should have been made on behalf of defendants' "casual" (temporary) employees from October 1976 to November 1979.[1] Although plaintiffs argue that the language of the Agreements plainly and unambiguously requires defendants to make such contributions, defendants contend that the contracting parties never intended that the contribution requirement apply to casual employees.

Defendants have filed a Statement of Facts and Offer of Proof containing extrinsic evidence such as the bargaining history and the parties' past conduct, and urge that the evidence offered be found to be both relevant and admissible. Plaintiffs rely on the parol evidence rule in opposing the introduction of facts contained in the Offer of Proof. The issue presented, therefore, is whether extrinsic evidence is admissible in interpreting the language of the Agreements as regards the scope of covered employees.[2]

■ The Ninth Circuit rule is that evidence of both bargaining history and the parties' past practices is admissible despite an unambiguous document.[3] *See Syufy Enterprises v. Northern Cal. State Ass'n of IATSE Locals*, 631 F.2d 124, 126 (9th Cir. 1980) ("The words in [a collective bargaining] agreement must be understood in the context of the history of the negotiations which gave rise to their inclusion.... Courts ... may rely upon extrinsic evidence to interpret various aspects of collective bargaining agreements."); *Communications Workers of America v. Pacific Northwest Bell Telephone Co.*, 337 F.2d 455, 459 (9th Cir. 1964) ("The very nature of a collective bargaining agreement requires that it be read in light of bargaining history and the history of the parties' own interpretations.") (*"Communications Workers II"*); *Independent Soap Workers of Sacramento, California v. Procter & Gamble Manufacturing Co.*, 314 F.2d 38, 42 (9th Cir. 1963) ("words in the collective bargaining agreement are to be interpreted in the background and light of bargaining history"); *Pacific Northwest Bell Telephone Co. v. Communications Workers of America*, 310 F.2d 244, 246 (9th Cir. 1962) ("collective bargaining contracts by their very nature cannot fairly be limited to their express provisions"); *California Trucking Association v. Corcoran*, 74 F.R.D. 534, 542 (N.D. Cal.1977) (court interprets trust fund provision in collective bargaining agreement by examining both the bargaining history and the parties' past practices).[4] *See also United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 570, 80 S.Ct. 1347, 1364, 4 L.Ed.2d 1409 (1960) (Brennan, J. concurring) ("Words in a col-

1. The trust fund provisions, which are found in Articles XXI and XXII of both Agreements, require that defendants make monthly contributions on behalf of each employee covered by the Agreements.

2. Defendants make three alternative arguments in support of the admissibility of extrinsic evidence: 1) extrinsic evidence is admissible to interpret the provisions of collective bargaining agreements; 2) extrinsic evidence is admissible where the language of the Agreements is ambiguous, as it is here; and 3) extrinsic evidence is admissible to establish a modification of the Agreements. Inasmuch as this Court finds the first argument dispositive, it does not reach the other two.

3. *But see Cappa v. Wiseman*, 469 F.Supp. 437, 439 (N.D.Cal.1979), *citing Manning v. Wiscombe*, 498 F.2d 1311, 1313 (10th Cir. 1974) and *Lewis v. Owens*, 338 F.2d 740 (6th Cir. 1964). Although the court stated in *Cappa* that the parol evidence rule barred admission of evidence of bargaining history when the language of the collective bargaining agreement is plain and unambiguous, that court not only followed the decisions of other circuits, but its statement is *dicta* because it found that the language in the agreement at issue was ambiguous.

4. Plaintiffs contend that the holding in *California Trucking*, that evidence is admissible despite an unambiguous document, is *dicta* because the last phrase of footnote one of that opinion states that "the Court at this time does not deem the contract language so clear as to preclude varying interpretations *in light of the bargaining context.*" [emphasis added] *California Trucking Ass'n v. Corcoran*, 74 F.R.D. 534, 537 n.1 (N.D.Cal.1977). The statement that they rely on, however, concerns the interpretation of the contract language after evidence of bargaining history had been admitted.

lective bargaining agreement, rightly viewed by the Court to be the charter instrument of a system of industrial self-government, like words in a statute, are to be understood only by reference to the background which gave rise to their inclusion"). In *Communications Workers II*, the Ninth Circuit was urged to reconsider its rule allowing admission of evidence of bargaining history in light of decisions of other circuits that had held that such evidence was inadmissible when the language of the collective bargaining agreement was clear on its face.[5] The Court, however, declined to follow these decisions and concluded:

> A new technical rule of evidence which would render incompetent parol evidence of a party's intent would seem peculiarly inappropriate in the area of collective bargaining. . . .
>
> . . . .
>
> If the true intent of the parties is to remain our concern, it would seem important that we be not required to close our eyes to all but the uncertain writing itself.

337 F.2d at 459.

■ Plaintiffs concede that the general rule of the Circuit is to allow admission of both bargaining history and the parties' past practices; they contend, however, that the usual rule does not apply in the context of third party trust funds.[6] Plaintiffs make two separate arguments. They first contend, without authority, that inasmuch as a trust fund is not privy to the bargaining

history and negotiations between the two contracting parties, it should be entitled to rely on the language of the contract, if such language is plain and unambiguous.[7] However, the fact that the plaintiffs are third party beneficiaries, rather than contracting parties, does not alter the rules governing interpretation of collective bargaining agreements. It is well established that a third party can acquire no greater rights under the contract than those of the contracting party through whom he claims. *Cf. Rotermund v. United States Steel Corp.*, 474 F.2d 1139, 1142 (8th Cir. 1973) (under Missouri law "third-party beneficiary . . . is in no better position than, and his rights are no greater than those of, the contracting party through whom he claims"), *quoting Stephens v. Great Southern Savings & Loan Association*, 421 S.W.2d 332, 337 (Mo.App. 1967); *United States v. Campbell*, 139 F.2d 424, 426 (4th Cir. 1943) (rights of a third-party beneficiary to sue on a contract are "no greater than those of the parties thereto, and the beneficiary who seeks to take advantage of the contract must take it subject to the defenses and inherent equities between the promisor and promisee"); *International Brotherhood of Electrical Workers, Local Union No. 308 v. Dave's Electric Service, Inc.*, 382 F.Supp. 427, 429–30 (M.D. Fla.1974) (employer can raise against third-party trust fund same defense of failure to arbitrate as it can against union); *Restatement of Contracts* §§ 140 & 476e (1932). Therefore, if a labor union could not legally

---

5. *See, e. g., International Union of Electrical, Radio and Machine Workers, AFL–CIO v. General Electric Co.*, 332 F.2d 485 (2d Cir.), *cert. denied*, 379 U.S. 928, 85 S.Ct. 324, 13 L.Ed.2d 341 (1964); *NLRB v. Gulf Atl. Warehouse Co.*, 291 F.2d 475 (5th Cir. 1961); *Association of Westinghouse Salaries Employees v. Westinghouse Co.*, 283 F.2d 93 (3d Cir. 1960). *Cf. Local 783, Allied Industrial Workers v. General Electric Co.*, 471 F.2d 751, 758 (6th Cir. 1973) (where clause is unambiguous evidence of bargaining history is unadmissible); *Rothlein v. Armour and Co.*, 377 F.Supp. 506, 510 (W.D.Pa. 1974) (parol evidence rule bars admission of testimony of bargaining history if agreement is clear and unambiguous).

6. In making this argument, plaintiffs rely on *Manning v. Wiscombe*, 498 F.2d at 1313, and

*Lewis v. Seanor Coal Co.*, 382 F.2d 437, 443 (3d Cir. 1967), *cert. denied*, 390 U.S. 947, 88 S.Ct. 1035, 19 L.Ed.2d 1137 (1968). This Court, however, follows the rule of law of the Ninth Circuit, as it has been applied to third party trust funds in *California Trucking*, 74 F.R.D. at 542.

7. Plaintiffs seem to rely, in part, on 29 U.S.C. § 186(c)(5)(B), which requires that payments to trust funds only be made pursuant to written agreement. Their argument apparently is that oral evidence is, therefore, inadmissible. However, the general rule is that such evidence is admissible to aid in the interpretation of any written provisions; the rule does not govern the creation of substantive rights or responsibilities, for which § 186(c)(5)(B) would make requisite a written document.

bar the admission of evidence of bargaining history and past practice to interpret the language of the agreement, a third-party trust fund would have no greater right to bar its admission.

Plaintiffs next contend that they were given certain powers by the contracting parties so that they could accomplish their goals with "reasonable certainty." Article V, Section 1(e) of the Trust Agreement provides that the Funds have the power

> [t]o construe the provisions of this Agreement and the terms used therein, and any construction adopted by the Trustees in good faith, shall be binding upon the Union, the Covered Employees, the Corporate Co-Trustee and the Employees and their beneficiaries.

First, this provision of the Trust Agreement may only be considered by this Court if evidence extrinsic to the collective bargaining agreements is deemed admissible. Moreover, this provision only gives plaintiffs the right to construe the Trust Agreement, and not the collective bargaining agreements. Therefore, this provision is inapposite as to the issue of whether extrinsic evidence is admissible to interpret the collective bargaining agreements.

Plaintiffs also contest various facts found in defendants' Statement of Facts and Offer of Proof. However, to the extent that plaintiffs disagree with the matters set forth in the Statement and Offer, their assertions must be disregarded at this point because they concede, for purposes of determining relevance and admissibility of defendants' Statement and Offer, that the evidence offered is true. The probative value of the offered evidence can only be considered after it has been deemed admissible.

Therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the matters set forth in defendants' Statement of Facts and Offer of Proof be deemed admissible.