TRUSTEES FOR the ALASKA HOTEL AND RESTAURANT EMPLOYEES HEALTH & WELFARE FUND & PENSION FUND, Appellant,

v.

Blake HANSEN and A. Kirschbaum, d/b/a Peggy's Cafe, Appellees.

No. 7851.

Supreme Court of Alaska.

Oct. 5, 1984.

---

**13.** This appeal does not require us to decide what these special circumstances may be.

Randall Simpson and Allison E. Mendel, Jermain, Dunnagan & Owens, Anchorage, for appellant.

Kathryn A. Black and Jan Samuel Ostrovsky, Campbell, Ostrovsky & Thwaites, Anchorage, for appellee, A. Kirschbaum.

Philip Blumstein, Birch, Horton, Bittner, Pestinger & Anderson, Anchorage, amicus

curiae, for Alaska Teamster Employer Service Corp.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

PER CURIAM.

The question in this case is whether state courts have jurisdiction to hear an action brought by two employees' benefits trust funds to collect unpaid contributions from an employer. We conclude that the state courts have jurisdiction and reverse the judgment of the superior court.

### I.

The Trustees for the Alaska Hotel and Restaurant Employees Health and Welfare Fund and Pension Fund (Trustees) filed a complaint in superior court seeking to enforce certain provisions of a collective bargaining agreement. The complaint alleged that Blake Hansen and A. Kirschbaum, d/b/a Peggy's Cafe, had failed to remit contributions to the employee benefit funds, as required by a collective bargaining agreement. The complaint asserted:

> That this action arises under, and jurisdiction is confirmed in this court by virtue of § 302 of the Labor-Management Relations Act [LMRA, 29 U.S.C. §§ 141–187], as amended (29 USC § 186) ...; and § 502 of the Employee Retirement Income Security Act [ERISA, 29 U.S.C. §§ 1001–1461], as amended (29 USC § 1132)....

The complaint sought an order specifically enforcing the portion of the collective bargaining agreement calling for trust fund contributions, an injunction mandating compliance with those provisions, and damages.

Kirschbaum [1] filed a motion to dismiss the action for lack of jurisdiction, relying on 29 U.S.C. § 1132(e)(1), which states:

> Except for actions under subsection (a)(1)(B) of this section, the district courts

---

1. Hansen had previously confessed judgment.

of the United States shall have exclusive jurisdiction of civil actions under this subchapter [ERISA] brought by the secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.

Subsection (a)(1)(B) reads:

A civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; ...

The court granted the motion, and the Trustees have appealed.

### II.

On appeal, the Trustees argue that insofar as the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, provides the substantive basis for the relief sought, their claim may be brought in state court notwithstanding the exclusive federal jurisdictional grant in 29 U.S.C. § 1132(e)(1), since that subsection contains its own exception. Suit under 29 U.S.C. § 1145,[2] adopted in 1980, is merely cumulative to other remedies.

■ The Trustees principally argue, however, that § 1132(e)(1) does not apply

because the complaint alternatively states a claim for relief which does not arise under ERISA. This alternative claim arises under LMRA, and state courts have concurrent jurisdiction with the federal courts to enforce rights arising under LMRA. Since 29 U.S.C. § 1144(d) of ERISA explicitly does not alter existing federal law, suit may be brought in state court. We agree that the complaint states a claim for relief arising under LMRA and federal contract principles, enforceable in state court.[3]

■ ERISA, as enacted in 1974, did not eliminate the existing federal rights to enforce collective bargaining agreement provisions calling for trust fund contributions.[4] ERISA specifically preserved federal rights in 29 U.S.C. § 1144(d), which states:

Nothing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States (except as provided in sections 1031 and 1137(b) of this title) or any rule or regulation issued under any such law.

■ Employer contributions to employee benefit trust funds are authorized by LMRA, 29 U.S.C. § 186(c). State courts which have jurisdiction over contract actions in general have concurrent jurisdiction with the federal courts to hear federal-

---

**2.** 29 U.S.C. § 1145 provides:

Delinquent Contributions:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

**3.** In view of our disposition of the Trustees' alternative claim, we need not address the merits of its ERISA claim.

**4.** *See e.g., Whelan v. Colgan*, 602 F.2d 1060 (2d Cir.1979); *Burke v. Ernest W. Hahn, Inc.*, 592 F.2d 542 (9th Cir.1979); *Chicago Dist. Council of Carpenters v. Dombrowski*, 545 F.Supp. 325, 326 (N.D.Ill.1982) (trustees were found entitled to bring such suits as third party beneficiaries to the collective bargaining agreement); *Trustees*

*v. Southern Stress Wire Corp.*, 509 F.Supp. 1097, 1099 (N.D.Ga.1981).

The courts have also generally allowed suits for breach of collective bargaining agreements on this theory by employees, as well. *See Crenshaw v. Allied Chemical Corp.*, 387 F.Supp. 594 (E.D.Va.1975) (employee may sue if union has breached duty of fair representation). *But see Isbrandtsen Co. v. Local 1291 of Intern. Longshoremen's Assoc.*, 204 F.2d 495 (3d Cir.1953) (incidental beneficiary may not sue).

Kirschbaum admits that "some courts" permitted suits by trustees to collect delinquent contributions, but points to only one case denying that such a cause of action existed. *See Allen v. Civitello*, 529 F.Supp. 46, 48 (N.D.Ill. 1981). *Allen* disregarded the weight of authority on this point and we view the case as an anomaly.

ly-created contract claims arising under collective bargaining agreements negotiated pursuant to LMRA.[5] *Charles Dowd Box Co. v. Courtney,* 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483, (1962).[6] This jurisdiction necessarily includes the right to enforce provisions of a collective bargaining agreement calling for contributions to a trust fund authorized by LMRA, 29 U.S.C. § 186(c). The complaint in this case alleges a breach of a collective bargaining agreement and specifically refers to LMRA. We conclude it states a claim for relief under LMRA that is independent of ERISA. *See Shaw v. Delta Air Lines, Inc.,* —— U.S. ——, ——, 103 S.Ct. 2890, 2903–04, 77 L.Ed.2d 490, 505–06 (1983) (recognizing that ERISA did not diminish rights employees would otherwise have had under Title VII of the Civil Rights Act).

■ We believe it is plain that the enactment of ERISA, 29 U.S.C. § 1145 in 1980 neither (a) superseded the substantive rights created by LMRA and federal common law contract principles; nor (b) divested the state courts of the jurisdiction they previously exercised over the LMRA cause of action; nor (c) affected trustees' standing to assert non-ERISA claims. Clearly, the effect of 29 U.S.C. § 1144(d) is not lessened by the enactment of a parallel ERISA remedy. It would be contrary to

§ 1144(d) to hold that enactment of § 1145 vitiated rights arising under LMRA. This conclusion leads ineluctably to the further conclusion that state courts retain their pre-existing jurisdiction over LMRA causes of action, since § 1132(e)(1) by its terms applies only to cases asserting rights under ERISA. Thus, the creation of an ERISA remedy does not eliminate a party's standing to assert an independent claim seeking similar relief.

■ Kirschbaum argues, however, that the Trustees do not have standing to bring such a claim, because they are not a "labor organization" as defined in LMRA. *See* 29 U.S.C. § 152(5). This objection is without merit. As third party beneficiaries to the collective bargaining agreement, the Trustees clearly have standing. Prior to the enactment of ERISA in 1974, it was clear that as a matter of federal law, trustees of an employees' benefits trust fund entitled to contributions from an employer under a collective bargaining agreement had standing to assert a cause of action arising under LMRA and federal contract law principles for the enforcement of such agreements. *See Lewis v. Benedict Coal Corp.,* 361 U.S. 459, 80 S.Ct. 489, 4 L.Ed.2d 442 (1960).

Furthermore, in view of the concurrent jurisdiction exercised by state courts over

---

**5.** Congress did not adopt legislation covering all aspects of labor relations. *See Weber v. Anheuser-Busch, Inc.,* 348 U.S. 468, 75 S.Ct. 480, 99 L.Ed. 546 (1955); Annot., 99 L.Ed. 559. Congress has left the statutes free to fill the interstices of federal labor law by statute or by rule of decision so long as the paramount federal law is respected. Those aspects of state decisional law, however, are viewed as federal substantive law. *See Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 456–57, 77 S.Ct. 912, 917–18, 1 L.Ed.2d 972, 980–81 (1957):

> We conclude that the substantive law to apply in suits under § 301(a) [29 U.S.C. § 185(a) ] is federal law which the courts must fashion from the policy of our national labor laws. . . . The Labor Management Relations Act expressly furnishes some substantive law. It points out what the parties may or may not do in certain situations. Other problems will lie in the penumbra of express statutory mandates. Some will lack express statutory sanction but will be solved by looking at the policy

of the legislation and fashioning a remedy that will effectuate that policy. The range of judicial inventiveness will be determined by the nature of the problem. . . . Federal interpretation of the federal law will govern, not state law. . . . But state law, if compatible with the purpose of § 301, may be resorted to in order to find the rule that will best effectuate the federal policy. . . . Any state law applied, however, will be absorbed as federal law and will not be an independent source of private rights. [Citations omitted].

*See also Teamsters v. Lucas Flour Co.,* 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962).

**6.** *See also Ciba-Geigy Corp. v. Local No. 2548, United Textile Workers of America, AFL–CIO,* 391 F.Supp. 287, 296 (D.R.I.1975); *Bates v. Foremost McKesson, Inc.,* 392 So.2d 389 (La.1980); *Masonite Corp. v. International Woodworkers of America,* 215 So.2d 691 (Miss.1968); *cert. denied* 394 U.S. 974, 89 S.Ct. 1466, 22 L.Ed.2d 573.

LMRA actions, state courts had jurisdiction over such actions by trustees. *See Vermeer v. Tomken Construction, Inc.*, 49 Or.App. 37, 618 P.2d 1301 (1980); *Trust Fund Services v. Heyman*, 88 Wash.2d 698, 565 P.2d 805 (1977), *cert. denied*, 434 U.S. 987, 98 S.Ct. 618, 54 L.Ed.2d 483 (1977); *cf. Smith v. Evening News Association*, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962) (suit by employees).

REVERSED.