(No. 61280.—

NORMAN PIERCE *et al.*, Trustees, Appellants, v. P.J.G. & ASSOCIATES, INC., Appellee.

*Opinion filed June 6, 1986.*

Edwin H. Conger and David L. Coghlan, of Tenney & Bentley, of Chicago, for appellants.

Richard J. Puchalski, of Doss, Puchalski, Keenan & Bargiel, Ltd., of Chicago, for appellee.

JUSTICE WARD delivered the opinion of the court:

The plaintiffs, trustees of the Electrical Insurance Trust, filed a complaint in the circuit court of Cook

County against the defendant, P.J.G. & Associates, Inc., for recovery of wage payments and fringe-benefit contributions owed the trust under a collective-bargaining agreement. The circuit court granted the defendant's motion to dismiss the complaint and denied the plaintiffs' later motion to vacate the dismissal. The appellate court affirmed (128 Ill. App. 3d 471) and denied petitions for rehearing (87 Ill. 2d R. 367) and for a certificate of importance (87 Ill. 2d R. 316). We granted the plaintiffs' petition for leave to appeal (94 Ill. 2d R. 315).

Pursuant to a collective-bargaining agreement (agreement) between Local No. 134 of the International Brotherhood of Electrical Workers (union) and Electrical Contractors Association of Chicago, Inc., those electrical contractors who employ members of the union, and who consent to the agreement, are required to make certain wage payments and benefit contributions to the Electrical Insurance Trust (trust). The defendant consented to the terms of the agreement and, to ensure its performance, obtained an "Electrical Wage and Welfare Bond" from Frank B. Hall & Company of Illinois (Hall). The bond provided that in the event the defendant should fail to make the required contributions, Hall would make all payments in excess of $2,500, which was stated to be a deductible.

The plaintiff trustees alleged that upon the defendant's default in the payments of contributions, Hall, under its bond, made the payments for which it was liable to the trust. When the defendant refused to make payment in the amount of the deductible, the plaintiffs brought an action for breach of the collective-bargaining agreement.

The trial court granted the defendant's motion to dismiss on the grounds that *res judicata* precluded the action; that the plaintiffs lacked standing to sue, as the union was a voluntary unincorporated association; that

Federal courts had exclusive jurisdiction of the action under the Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. sec. 1001 *et seq.* (1976 & Supp. V 1981)); and that the plaintiffs had failed to submit their claim to arbitration under the agreement's grievance provisions. The appellate court, though holding that the trial court erred in dismissing the complaint under *res judicata* and because of the plaintiffs' lack of standing, affirmed the dismissal on the ground that the plaintiffs' claim under ERISA could be brought only before a Federal court.

The plaintiffs argue that the appellate court erred in holding that ERISA precluded them from bringing suit in State court. Citing *Charles Dowd Box Co. v. Courtney* (1962), 368 U.S. 502, 7 L. Ed. 2d 483, 82 S. Ct. 519, and *Bugher v. Feightner* (7th Cir. 1983), 722 F. 2d 1356, 1358, they contend that their suit filed under the Labor Management Relations Act of 1947 (LMRA) (29 U.S.C. sec. 185(a) (1976)) for recovery of the contributions is, under the Act, properly within State court jurisdiction, and that, as trustees, they have standing to bring such suit. They argue that the decisions relied upon by the appellate court do not support its holding.

The LMRA provides:

> "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce \*\*\*, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties \*\*\*." (29 U.S.C. sec. 185(a) (1976).)

Courts have interpreted this section as providing for concurrent Federal and State court jurisdiction, with Federal law to be applied, in causes of action arising from violations of collective-bargaining agreements. (*Charles Dowd Box Co. v. Courtney* (1962), 368 U.S. 502, 7 L. Ed. 2d 483, 82 S. Ct. 519; *Textile Workers Union of*

*America v. Lincoln Mills of Alabama* (1957), 353 U.S. 448, 455-56, 1 L. Ed. 2d 972, 980, 77 S. Ct. 912, 917-18; *Alexander v. Standard Oil Co.* (1977), 53 Ill. App. 3d 690, 696.) It has also been held that under this section a trustee has standing to bring suit for recovery of contributions due under a collective-bargaining agreement. *Bugher v. Feightner* (7th Cir. 1983), 722 F.2d 1356, 1358; *Whelan v. Colgan* (2d Cir. 1979), 602 F.2d 1060, 1062.

We judge that the question of jurisdiction is controlled by ERISA section 1144(d) (29 U.S.C. sec. 1144(d) (1976)). That section provides:

> "Nothing in this subchapter [which provides for protection of employee benefit rights] shall be construed to alter, amend, modify, invalidate, impair or supersede any law of the United States (except as provided in sections 1031 and 1137(b) of this title) [sections not applicable here] or any rule or regulation issued under any such law." (29 U.S.C. sec. 1144(d)(1976).)

Applying ERISA here and conferring jurisdiction exclusively on Federal courts would operate to supersede provisions of the earlier enacted LMRA (29 U.S.C. sec. 185(a) (1976)). Such invalidation or superseding of the LMRA, however, is prohibited under section 1144(d) of ERISA. (29 U.S.C. sec. 1144(d) (1976).) Thus, the plaintiffs' action under the LMRA can be maintained in a State court.

This conclusion has been reached in other jurisdictions. In *Trustees for the Alaska Hotel & Restaurant Employees Health & Welfare Fund & Pension Fund v. Hansen* (Alaska 1984), 688 P.2d 587), trustees of an employee benefit fund, as allowed by Federal law *(Bugher v. Feightner* (7th Cir. 1983), 722 F.2d 1356, 1358; *Whelan v. Colgan* (2d Cir. 1979), 602 F.2d 1060, 1062), had filed a complaint in State court against an employer for breach of a collective-bargaining agreement; and on the defendants' motion the complaint had been dismissed on

the ground that the State court lacked jurisdiction under ERISA (29 U.S.C. sec. 1132(e)(1)). The Supreme Court of Alaska reversed the dismissal, determining that, under section 1144(d) of ERISA, existing Federal rights under the LMRA to enforce provisions of a collective-bargaining agreement had been preserved. (*Trustees for the Alaska Hotel & Restaurant Employees Health & Welfare Fund & Pension Fund v. Hansen* (Alaska 1984), 688 P.2d 587, 590.) Therefore as the complaint stated a claim for relief under the LMRA, with Federal contract principles to be applied, the State court had jurisdiction of the plaintiff trustees' cause of action for breach of the collective-bargaining agreement. *Trustees for the Alaska Hotel & Restaurant Employees Health & Welfare Fund & Pension Fund v. Hansen* (Alaska 1984), 688 P.2d 587, 590-91.

In *Vermeer v. Tomken Construction, Inc.* (1980), 49 Or. App. 37, 39, 618 P.2d 1301, 1302, there was a suit brought by union trustees to collect unpaid employee benefit contributions. The court held that ERISA did not preempt State-court jurisdiction over actions brought for violations of labor contracts under section 185(a) of the LMRA. The court noted that ERISA's legislative history showed that exclusive Federal jurisdiction for ERISA claims was to be limited:

> " '*** The U.S. district courts are to have exclusive jurisdiction with respect to actions involving breach of fiduciary responsibility as well as exclusive jurisdiction over other actions to enforce or clarify benefit rights provided under title I [the applicable subchapter of ERISA for protection of employee benefit rights]. However, *with respect to suits to enforce benefit rights under the [employee benefit] plan or to recover benefits under the plan which do not involve application of the title I provisions, they may be brought not only in U.S. district courts but also in State courts of competent jurisdiction.* All such actions in Federal or State courts are to be regarded as

arising under the laws of the United States in similar fashion to those brought under section 301 [29 U.S.C. sec. 185(a)] of the Labor Management Relations Act of 1947. ***' (Emphasis supplied.) H.R. Conf. Rep. No. 1280, 93rd Cong., 2d Sess., 3, reprinted in 1974 U.S. Code Cong. & Ad. News 5106." (*Vermeer v. Tomken Construction, Inc.* (1980), 49 Or. App. 37, 41, 618 P.2d 1301, 1303.)

The court also stated that the right to bring an action in State courts under the LMRA was not preempted by ERISA, as section 1144(d) of ERISA (29 U.S.C. 1144(d)) specifically exempts from preemption rights existing under Federal law. *Vermeer v. Tomken Construction, Inc.* (1980), 49 Or. App. 37, 42, 618 P.2d 1301, 1304. See also *Bugher v. Feightner* (7th Cir. 1983), 722 F.2d 1356 (discussing the relationship of ERISA and the LMRA, and related legislative history).

The appellate court erred in affirming the trial court's dismissal of the plaintiffs' complaint on the grounds that the action is subject to the exclusive jurisdiction of the Federal court.

For the reasons given, the judgment of the appellate court is reversed. The cause is remanded to the appellate court for its consideration of the unaddressed arbitration question and for whatever other consideration may be required in light of our holding here that the circuit court of Cook County has jurisdiction of the cause.

*Reversed and remanded.*