On appellants' petition for reconsideration filed February 8, reconsideration allowed;
opinion (105 Or App 132, 804 P2d 485) modified; reversed in part and remanded
April 24, petition for review denied July 2, 1991 (311 Or 482)

## J. ABBOTT,
### J. Upshaw, C. Anderson, L. Clinton, H. Herzberg, H. Dick, M. Laasko, K. Twedt, J. Van Lom, A. Norbraten, R. Cronn, Sr., H. Stover, L. Garcia, A. Weeks, J. Kuebler, C. Kinney,
*Respondents,*

*v.*

### Larry N. GOODWIN,
### dba Concrete Sawing Co.,
### and Concrete Sawing Co.,
*Appellants.*

(A8505-02855; CA A50908)

809 P2d 716

Thomas M. Triplett, Portland, for petition.

No appearance *contra.*

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendants have petitioned for review of our decision, 105 Or App 132, 804 P2d 485 (1991), raising, for the first time, two questions concerning the jurisdiction of an Oregon court to decide this case. We treat the petition as one for reconsideration, ORAP 9.15, allow it and write only to address those two contentions.

■ First, defendants contend that an action for breach of a collective bargaining agreement, permitted by section 301(a) of the Labor Management Relations Act, 29 USC § 185, may not be brought in a state court, if its purpose is to enforce provisions of ERISA, 29 USC § 1001 *et seq.* Although it is true that most claims under ERISA must be brought in the federal courts, this action, like the one in *Vermeer v. Thatcher,* 79 Or App 100, 717 P2d 1256, *rev den* 301 Or 446 (1986), is to enforce the collective bargaining agreement between the parties, not to enforce any provisions of ERISA. We have concurrent jurisdiction to enforce the collective bargaining agreement. *Vermeer v. Tomken Construction,* 49 Or App 37, 618 P2d 1301 (1980).

■ Defendants also make the related contention that, in affirming the trial court's award of liquidated damages, we relied on plaintiffs having claimed them under both 29 USC § 1132 (ERISA) *and* the collective bargaining agreement. Because we agree that a state court does not have subject matter jurisdiction to enforce this claim under ERISA, we erred in relying on 29 USC § 1132, which *mandates* liquidated damages if the agreement provides for them. Instead, we should have applied federal common law relating to the award of liquidated damages under collective bargaining agreements. *Textile Workers' Union v. Lincoln Mills,* 353 US 448, 77 S Ct 912, 1 L Ed 2d 972 (1957); *Idaho Plumbers & Pipe Fitters v. United Mechanical,* 875 F2d 212 (9th Cir 1989).

The federal common law follows *Restatement (Second) Contracts,* § 356 (1981). *Idaho Plumbers and Pipe Fitters v. United Mechanical, supra,* held that, for a contractual liquidated damage provision to be enforceable and not be a penalty, the harm caused by the breach must be very difficult or impossible to estimate and the amount fixed as liquidated damages must be a reasonable forecast of the damages anticipated from the breach. The latter element requires proof of a

"good faith attempt to set an amount reflective of anticipated damages." *Parkhurst v. Armstrong Steel Erectors, Inc.,* 901 F2d 796, 798 (9th Cir 1990).

The collective bargaining agreement required defendant to make all of the payments required by the trust agreement and to abide by all of its terms. The trust agreement provides that the trustees may maintain an action to enforce the payment of contributions due under it and that the delinquent employer "shall be liable to the trust for all expenses of collection thereof, including actual attorney's fees, incurred by the trustees." It also provided separately for liquidated damages equal to 12 percent of the amount of the delinquent contributions and for interest of 12 percent *per annum* to compensate plaintiffs for loss of income resulting from defendant's failure to pay contributions timely. Plaintiffs prayed for, among other things, liquidated damages *and* audit fees. The trial court awarded plaintiffs judgment against Goodwin for $1,110.41 as liquidated damages, which is 12 percent of the unpaid contributions for which he was held to be liable personally. It also awarded $18,106.28 for liquidated damages *and* audit fees against defendant, which is 12 percent of the amount of delinquent contributions attributable to it, without differentiating between the two.

■　　　Plaintiffs were entitled to reimbursement for their audit fees under the trust agreement, separate from and independent of liquidated damages. Their complaint prayed for both. The only person who testified with respect to liquidated damages was Hughes, plaintiffs' trust fund coordinator. He testified that it was not possible, before a delinquency occurred, to predict with any certainty the actual expenses that the trust would incur as a result of the delinquency, other than loss of income, which is provided for separately (12 percent *per annum*). On cross-examination, he agreed that the only expense that the trust could not pre-estimate was the value of his time in conducting an audit, although he agreed that he could maintain time records, as he had done while working for an accounting firm. It appears that the cost of auditing delinquent accounts is the gist of the provision for liquidated damages. Yet, recovery of the auditing expenses is covered by another provision in the trust agreement permitting recovery of "all expenses of collection," separate from the liquidated damage provision.

■ On this record, the liquidated damage provision duplicates the provision permitting trustees to recover auditing expenses. Auditing expenses are readily ascertainable; they must be in order for plaintiffs to collect them as part of the judgment. Therefore, the liquidated damage provision, at least as applied in this case, is a penalty and is not enforceable. We remand for the trial court to determine how much plaintiffs are entitled to recover for audit fees and to enter judgment for that amount.

Reconsideration allowed; opinion modified; judgment against Goodwin for liquidated damages reversed; judgment against Concrete Sawing Co. for liquidated damages and audit fees reversed; remanded for determination of recoverable audit fees incurred by plaintiffs.